[Civ. No. 2026. First Appellate District.—March 15, 1917.]

ADA FARIAS, Respondent, v. WILLIAM FARIAS, Appellant.

DEFAULT JUDGMENT—RELIEF UNDER SECTION 473, CODE OF CIVIL PROCEDURE — REFUSAL TO VACATE — TARDY AND INSUFFICIENTLY SUPPORTED MOTION.—A motion made under section 473 of the Code of Civil Procedure to set aside a judgment by default in an action for divorce upon the ground of excusable neglect, is properly denied, where the application was not made until a few days prior to the expiration of the six-month period, and only supported by the affidavit of the defendant, reciting that the reason why no appearance had been filed prior to the default, was that the defendant's attorney was away at the time and neglected to enter an appearance or procure an extension of time to do so.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to vacate a default judgment. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

George L. Keefer, and Ben W. Utter, for Appellant.

George Appell, for Respondent.

THE COURT.—This is an appeal from an order denying a motion to vacate a judgment by default in an action for divorce.

The action was commenced by the plaintiff and respondent against the defendant and appellant in the city and county of San Francisco on October 27, 1913. The defendant was served with summons in the county of Los Angeles on November 19, 1913. Within a few days thereafter he wrote to an attorney in San Francisco named Montagu, sending him $15 to be applied on account of court costs and attorney's fees, and directing him to appear for defendant in the action. No appearance was filed, and no application for an extension of time within which to appear was made to either the court or counsel for plaintiff, and the time for making such appearance expired on December 19, 1913. The default of defendant was entered on the 17th of January, 1914, and an interlocutory judgment entered shortly thereafter. The appellant made no move to set aside said default nor for relief from said judgment until July 3, 1914, when he appeared and made a motion to set aside said default under section 473 of the Code of Civil Procedure, which said motion was predicated upon the affidavit of said defendant to the effect that the reason why no appearance was filed by said defendant prior to the entry of said default was that "said Montagu had occasion to go out of the city and county of San Francisco for a few days, and the said Montagu went out of said city and was absent about the time it was necessary to file a demurrer in said action to prevent a default being entered against defendant; that when said Montagu was out of the city of San Francisco attending to other business he inadvertently overlooked the said case of defendant, and failed to file a demurrer or answer, and failed to get an extension of time within which to appear in said action. . . . Said attorney was so engrossed with other business out of the city of San Francisco that he overlooked the case and failed to appear." No affidavit is presented from Montagu in support of defendant's said motion; and it is very evident from the foregoing quotations from his affidavit that the matters which are therein stated are purely hearsay, and therefore of little if any value as evidence, and are entirely insufficient to make out a case of excusable neglect under section 473 of the Code of Civil Procedure.

In addition to this there was evidence before the trial court in the form of a letter which was written by Montagu to the defendant prior to the time when his default for non-

appearance in the case could be entered, indicating that whatever steps were to be taken in the action were to be merely for delay, or in the language of said attorney, "to bother and stall her if emergency requires it."

With the foregoing facts before it it is clear that the trial court committed no abuse of discretion in refusing to set aside the judgment upon the defendant's tardy and insufficiently supported motion for such an order. We find, therefore, no merit in this appeal.

Order affirmed.