262 P.2d 748

### HARDMAN v. MATTHEWS et al.

No. 7980.

Supreme Court of Utah.

Nov. 2, 1953.

McCullough, Boyce & McCullough, Leland S. McCullough, Salt Lake City, for appellant.

O. H. Matthews, Salt Lake City, for respondent.

Stewart, Cannon & Hanson, Edward M. Garrett, Salt Lake City, amici curiae.

1. "Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint

HENRIOD, Justice.

This is an intermediate appeal by plaintiff who sued defendants for injuries arising out of an auto collision. The trial court permitted defendants to interplead the owner and the driver of the car in which plaintiff was riding as a guest, which car collided with that of defendants. Defendants rely on Rule 14(a), U.R.C.P.[1] to justify the joinder, claiming that such hosts were the sole cause of the injuries, or at least a contributing cause. Defendants reason that such being the case they are entitled to contribution from the joint or concurring tort-feasors, should they be found to be negligent along with defendants. The lower court is instructed to vacate its order allowing such joinder. Costs to plaintiff.

If the negligence of the interpleaded parties were the sole proximate cause of the injuries as defendants maintain, the latter would have a complete defense to the action without the joinder. If actively they were jointly or concurrently negligent with defendants, joinder would avail the latter nothing since contribution cannot be had between joint or concurring tort-feasors,[2] in a case like this, unless sanctioned by statute, there being none such in Utah.

WOLFE, C. J., and McDONOUGH, CROCKETT, and WADE, JJ., concur.

upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * *"

2. Restatement, Restitution, Par. 102.