DAVID, J.
 

 On May 13, 1958, judgment was rendered against defendants Hutchason and Daniele in a personal injury action, as joint tort feasors. The cause of action upon which this judgment was based accrued in April, 1957. By definition, a cause of action “accrues” when suit may be brought thereon. Hutchasons paid the judgment in full, and proceeding under Code of Civil Procedure, sections 875-880 (Cal. Stats. 1957 ch. 1700) secured a judgment for contribution against Daniele as joint tort feasor, entered on July 8, 1958, unopposed at the hearing. Upon January 14, 1959, Daniele made a motion to vacate the judgment of contribution.
 

 The motion was made on the ground of mistake and excusable neglect of defendant Daniele and his attorney; and the meritorious defense asserted, was that the code provisions for contribution were not applicable, since Code of Civil Procedure, section 880, provides “This title shall become effective as to causes of action accruing on or after January 1, 1958.”
 

 1. The record shows that the “Notice of Motion to Enter Judgment against Joint Tort Feasor” was duly served by mail on all necessary parties including respondent. It further shows that there was “No appearance for defendant Daniele” at the hearing of the motion. There is no evidence as to why Daniele’s attorney did not then appear and no evidence except hearsay why Daniele was not there. These facts should have been shown by competent evidence at the hearing of the motion to vacate the judgment of contribution. Lacking such evidence, there was no showing that the order was entered by surprise, inadvertence or excusable neglect.
 
 (Colvin
 
 v.
 
 Sibley
 
 (1953), 117 Cal.App.2d 144 [255 P.2d 16];
 
 Gray
 
 v.
 
 Sabin
 
 (1890), 87 Cal. 211 [25 P. 422] ;
 
 Smith
 
 v.
 
 Tunstead
 
 (1880), 56 Cal. 175;
 
 Romero
 
 v.
 
 Snyder
 
 (1914), 167 Cal. 216 [138 P. 1002] ;
 
 Vallejo
 
 v.
 
 Green
 
 (1860), 16 Cal. 160;
 
 Reilly
 
 v.
 
 Ruddock
 
 (1871), 41 Cal. 312;
 
 Williamson
 
 v.
 
 *Supp. 871
 

 Cummings Rock Drill Co.
 
 (1892), 95 Cal. 652 [30 P.
 
 762]; Farias
 
 v.
 
 Farias
 
 (1917), 33 Cal.App. 237 [164 P.
 
 818]; Ross
 
 v.
 
 San Diego Glazed C. Pipe Co.
 
 (1920), 50 Cal.App. 170 [194 P. 1059];
 
 Dusy
 
 v.
 
 Prudom
 
 (1892), 95 Cal. 646 [30 P. 798];
 
 Brooks
 
 v.
 
 Johnson
 
 (1898), 122 Cal. 569 [55 P. 423];
 
 Yancey
 
 v.
 
 National Benevolent Asso.
 
 (1898), 122 Cal. 676 [55 P. 604].)
 

 Since a showing of excusable neglect is jurisdictional in relief against a judgment, the order must be reversed on this ground. There is grave doubt that the court had jurisdiction to act on the date of the order.
 
 (Jones
 
 v.
 
 Alexander
 
 (1950), 101 Cal.App.2d 44 [224 P.2d 870];
 
 Brownell
 
 v.
 
 Superior Court
 
 (1910), 157 Cal. 703, 710 [109 P. 91];
 
 Barry
 
 v.
 
 Barry
 
 (1954), 124 Cal.App.2d 107, 111 [268 P.2d 147].)
 

 2. Under the formerly prevailing rule,
 
 (Pacific Ind. Co.
 
 v.
 
 California Electric Works, Ltd.
 
 (1938), 29 Cal.App.2d 260 [84 P.2d 313]), a judgment against joint tort feasors was joint and several, and contribution, except in special cases, could not be compelled. The question here, is whether the provisions of Code of Civil Procedure, section 880, making the contribution procedure apply to “causes of action accruing on or after January 1, 1958” has reference to the cause of action under which such joint liability arose, or the new cause of action for contribution. This new cause arises, not at the date of the tort liability judgment, but when under Code of Civil Procedure, section 875, subdivision (c), one joint tort feasor discharges the entire judgment, or pays more than his pro rata as defined in Code of Civil Procedure, section 876, as share and share alike. (Compare also, Civ. Code, § 1432.) We believe this is the “cause of action” referred to in Code of Civil Procedure, section 880, rather than the accrual of the original tort action.
 

 Since Daniele as a joint tort feasor was liable for the entire judgment, there can be no impairment of any vested right by payment of one-half of it to Hutchason, the other joint tort feasor, who by his payment in full has reduced Daniele’s liability to the plaintiff to nothing.
 

 The order of January 29,1959, granting the motion of Sineo Joseph Daniele to set aside the judgment of contribution entered against him on July 8, 1958, is reversed, and the said judgment of contribution is declared to be in full force and effect, as originally entered.
 

 Swain, Acting P. J., and Huís, J., concurred.