[L. A. No. 26306.   In Bank.   July 20, 1961.]

HARRY C. AUGUSTUS, Plaintiff, v. CECIL COMPTON BEAN, Defendant and Appellant; AARON SHAFFER, Defendant and Respondent.

Spray, Gould & Bowers and Robert P. Dockeray for Defendant and Appellant.

Schell & Delamer and Fred B. Belanger for Defendant and Respondent.

GIBSON, C. J.—In 1956 Harry C. Augustus was injured as a result of the negligent operation by Aaron Shaffer and Cecil Compton Bean of their respective automobiles, and he recovered judgment against them in April 1958. That judgment was fully satisfied by Shaffer, and one-half of the amount he paid was awarded to him as contribution from Bean, who appeals contending that there was no right of contribution.

Prior to the enactment in 1957 of title 11 of part 2 of the Code of Civil Procedure (§§ 875-880), the general rule was that one tortfeasor could not obtain contribution from another. (*Adams* v. *White Bus Line,* 184 Cal. 710, 712-713 [195 P. 389] ; *Smith* v. *Fall River J. U. High School Dist.,* 1 Cal.2d 331, 334 [34 P.2d 994].) The 1957 enactment provides for a right of contribution where a money judgment has been rendered jointly against two or more defendants in a tort action and one of them has paid more than his pro rata share of it.[1] Section 880 provides, "This title shall become effective as to causes of action accruing on or after January 1, 1958." The sole question presented is whether the term "causes of action" is to be construed as referring to the original cause of action for the tortious injury, which accrued prior to January 1, 1958, or as referring to the cause of action for contribution, which accrued after that date.

[1]Section 875 of the Code of Civil Procedure provides: " (a) Where a money judgment has been rendered jointly against two or more defendants in a tort action there shall be a right of contribution among them as hereinafter provided. (b) Such right of contribution shall be administered in accordance with the principles of equity. (c) Such right of contribution may be enforced only after one tortfeasor has, by payment, discharged the joint judgment or has paid more than his pro rata share thereof. It shall be limited to the excess so paid over the pro rata share of the person so paying and in no event shall any tortfeasor be compelled to make contribution beyond his own pro rata share of the entire judgment. (d) There shall be no right of contribution in favor of any tortfeasor who has intentionally injured the injured person. (e) A liability insurer who by payment has discharged the liability of a tortfeasor judgment debtor shall be subrogated to his right of contribution. (f) This title shall not impair any right of indemnity under existing law, and where one tortfeasor judgment debtor is entitled to indemnity from another there shall be no right of contribution between them. (g) This title shall not impair the right of a plaintiff to satisfy a judgment in full as against any tortfeasor judgment debtor."

In *Hudson* v. *Hutchason* (1959), 171 Cal.App.2d Supp. 869, 871 [340 P.2d 756], it was held that section 880 refers to causes of action for contribution, rather than those for the original injury, and that where a judgment in a tort suit is entered against two defendants after January 1, 1958, and is satisfied by one of them, there is a right of contribution notwithstanding the fact that the accident occurred before that date. We agree. ■ The statutory system for contribution does not concern the relationship of tortfeasors to the one injured but deals with the relationship of tortfeasors to each other when, after entry of judgment, one of them discharges the common liability. In such a system it is clear that the important consideration is when the judgment is entered and payment made to the injured party, not the date of the tort.

Our construction of section 880 does not give rise to a problem of retroactive impairment of a vested right. As of the time of the accident a person did not have a vested right at common law to avoid paying for the consequences of his negligence merely because there were other tortfeasors involved. After the entry of a judgment against the joint tortfeasors, each of them was liable in full until the judgment was satisfied, and, if the plaintiff chose to collect from one to the exclusion of another, this was a matter of chance rather than the result of a right which became fixed as of the time of the accident. ■ Contribution statutes, if applied where an accident antedates their enactment, do not retroactively increase the liability existing at the time of the injury but merely provide a method by which the liability of each of the tortfeasors may be limited to his pro rata share of the judgment. The argument that a vested right would be impaired has been rejected not only in the Hudson case (171 Cal.App.2d Supp. at p. 871) but also in decisions of other jurisdictions (*Halifax Chick Express, Inc.* v. *Young*, 50 Del. 596 [137 A.2d 743, 744-745]; *Pennsylvania Greyhound Lines, Inc.* v. *Rosenthal*, 14 N.J. 372 [102 A.2d 587, 590-594]; *Deuscher* v. *Cammerano*, 256 N.Y. 328 [176 N.E. 412]; see *First Nat. Bank* v. *Steel*, 136 Mich. 588 [99 N.W. 786, 787]).

■ It is argued that the term "causes of action" in section 880 must be given a uniform meaning for all provisions appearing in title 11 and that, since section 877 concerns matters preceding the tort judgment, the term must be treated as referring only to causes of action for tortious

injury.[2] No such limitation appears, and we are satisfied that the term is not so restricted. Section 880 should be construed in the light of the primary purpose of title 11, which is to provide for the creation and enforcement of a cause of action for contribution in order to eliminate an inequity existing at common law, and the date of the original injury is unimportant in the accomplishment of that purpose.

The judgment is affirmed.

Traynor, J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.

[2]Section 877 of the Code of Civil Procedure provides: ''Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort—(a) It shall not discharge any other such tortfeasor from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it whichever is the greater; and (b) It shall discharge the tortfeasor to whom it is given from all liability for any contribution to any other tortfeasors.''