DOLE AND THE 50-E PROBLEM
Bertram Harnett, J.
It is perhaps unusual to preface a legal
opinion with a headline. But, the now celebrated ruling of the New York Óourt of Appeals in Dole v. Dow Chem. Co. (30 N Y 2d 143), seems to have generated a legal concatenation so extended that special expression becomes commonplace in its wake. Witness Judge Bernard S. Meter’s fine article in the October, 1972 issue of The Nassau Lawyer, Dole v. Dow Chemical: What Hath The Court of Appeals Wrought?
The Dole decision pioneered the doctrine in New York that, in the same action brought by a tort-aggrieved plaintiff, liability may be apportioned between joint tort-feasors by the trier of fact, either by way of cross claim between codefendants or third-party action by one defendant against a third-party defendant he impleads. This .seemingly straightforward proposition has, however, led to unusual complications in the conduct and substance of litigation.
One of them involves section 50-e of the General Municipal Law, which provides that in tort claims against governmental units a notice of claim must be served ‘1 within ninety days after the claim arises ”. This statute is a strict rule, designed as it is. to protect municipalities, and failing to give timely notice of claim, under its terms, a claimant must be flatly defeated.
The Dole connection arises from third-party practice. (Of. CPLR1007.) First, assume a person claims personal injury by the county. He must file a notice of claim on the county within 90 days. If he fails to do that, his claim is lost. But, suppose that person claims the county and a private party were joint tort-feasors,• both responsible for .his injury. He can sue that private party at anytime within the applicable Statute of Limitations (say three years) without any notice of claim. Let us now assume he sues that private party two and a half years after the incident, having given no notice of claim to the county. The pri *728 vate party, under Dole,- seeks to put some or all of the asserted liability on the county by way of bringing a third-party action against the county. Under third-party practice, that private party defendant has a claim against the county only if it suffers judgment at the hands of the plaintiff. However, if that third-party claim is good, the county becomes liable for an incident as to which it did not receive a 90-day claim notice, and which it could have defeated for lack of notice as an original claim.
That is substantially the case before us here. In July, 1966, Dorothy Zillman had a cut hand sutured at Nassau County’s Meadowbrook Hospital. Later she was treated by three doctors because of complications. Still, later on, in November, 1966, Mrs. Zillman underwent surgery by two of her treating doctors at Mid Island Hospital to correct the condition. Finally, in June, 1969, she and her husband brought suit for malpractice against both hospitals, the doctor who sutured the skin, and the other three treating doctors.
The plot then thickened in April, 1972. In apparent resolution of a summary judgment motion in this action by the county for failure to file a notice of claim required by section 50-e of the General Municipal Law, the Zillmans alone executed a written stipulation with the county discontinuing this action against it. But then, on November 30,1972, Mid Island Hospital, not bound by the stipulation, commenced a third-party action against Meadowbrook for judgment in the full amount of any judgment against it in the primary action, or for an amount in proportion to the county’s relative responsibility..
Now comes Nassau County again raising the shield of section 50-e of the General Municipal Law, seeking dismissal of the third-party action because no notice of claim has yet been served by anyone upon it.
Accordingly, we find here, a threatened collision of the principals of contribution between joint tort-feasors as enunciated by the Court of Appeals in Dole v. Dow Chem. Co. (supra) and Kelly v. Long Is. Light. Co. (31 N Y 2d 25) and the statutory requirement of giving timely notice to municipalities of impending tort claims.
The governing line of cleavage seems to be, fittingly enough, in further authority of the Court of Appeals.
In 1957, the court allowed a corporate sewer contractor to seek indemnification in a third-party action against the County of Nassau for any damages it might ultimately be adjudged to pay to the injured plaintiff. (Matter of Valstrey Serv. Corp. v. Board of Elections, Nassau County, 2 N Y 2d 413.) The court *729 found that failure to file a notice of claim under section 52 of the County Law and section 50-e of the General Municipal Law was ‘ ‘ inapplicable as a bar ’ ’ to the third-party action, stating (pp. 415,416):
“ Both of these sections contemplate the filing of such a notice after the cause of action against the county shall have arisen. * * *
“ Whether such a claim would arise upon the entry or payment of a judgment against Valstrey, it is plain from the language of both section 52 of the County Law and of section 50-e of the General Municipal Law that no filing of claim by Valstrey against the county is required in order to maintain the third-party action. The object of section 193-a of the Civil Practice Act in permitting the joinder of third-party defendants, which is done in this case by the commencement of the third-party action, is to avoid circuity of action by enabling the issues of indemnification to be determined upon evidence in the principal action when the principal action is tried. This presents an exception to the usual rule that an action can be commenced only after the plaintiff’s cause of action has accrued, and is a case which has been omitted from the coverage of sections 52 of the County Law and 50-e of the General Municipal Law. Those sections were not designed to render section 193-a of the Civil Practice Act incapable of being applied to a situation such as this. Otherwise the advantage of this third-party practice could not be extended to cases involving municipal or other public corporations ”.
Section 193-a of the Civil Practice Act is replaced by CPLR 1007, with the same substantial provision.
In Dole and Kelly, the Court of Appeals held that codefendants may assert and have adjudicated claims for contribution from each other in proportion to the relative responsibility found for the plaintiff’s injury, even to the extent of all. The rule is retroactively applicable to cases brought before the two landmark decisions. (Hain v. Hewlett Arcade, 40 A D 2d 991.)
Mid Island seeks either total indemnity from Nassau County or partial recompense in proportion to its responsibility. The first aspect is covered by the words of the Valstrey rationale, which, if so, would require no section 50-e notice. The Dole proportionate claim presents wholly a novel issue dependent upon whether there is any moving distinction between a classic indemnification claim, and one for apportioned contribution.
A claim for contribution on apportionment is simply a claim for partial indemnification. (See Musco v. Conte, 22 A D 2d *730 121.) While there can be indemnity without apportionment (for instance solely by legal relationship of the defendants, such as a driver and an absent owner, or a landlord and tenant), there is no partial apportionment without some element of indemnity. This is because one person who is found liable and pays for all damages, where someone else is held responsible for part of that liability, is entitled to indemnity from the other for the latter’s share of the total assessed liability. (See Walsh v. Ford Motor Co., 70 Misc 2d 1031.) The extent of partial indemnification then is first determined by the apportionment, and until that is made the prime defendant has no way of knowing his claim over against the third-party defendant. Even though the county’s liability in this case is invoked as an active joint tortfeasor, the principle of Valstrey would seem to remain controlling. (See Levine v. Miteer, 16 A D 2d 990.)
Contribution, like classic indemnification, arises only as a “ cause of action ” upon adjudication of the facts and relationships in the primary action.. The county will have no liability to the Zillmans here, blit it may be liable to Mid Island Hospital to the extent Mid Island can demonstrate the county caused Mid Island to be liable to the Zillmans. Alternatively stated as a basis of removal from section 50-e, the contribution claim is not a primary personal injury action, but one for reimbursement. This is not exposure of the county for a separate tort, but only claimed relationship to Mid Island’s tort liability, if any.
The county’s exposure to a claim for contribution would not arise until a judgment or verdict is rendered against Mid Island. (See Rizzo v. Steiner, 36 Misc 2d 701.) Since that has not occurred, and since the county has already been given complete information about the. entire claim made, the lack of notice served is not a bar.
In other jurisdictions, while the authorities are split, the majority view finds the right to contribution to prevail over municipal notice of claim requirements. (Minneapolis, St. Paul & Sault Ste. Marie R.R. Co. v. City of Fond Du Lac, 297 F. 2d 583 [7th Cir., 1961]; Armour v. Wisconsin Gas Co., 54 Wis. 2d 302; Royal Car Wash Co. v. Mayor & Council of Wilmington, 240 A. 2d 144 [Super. Ct., Del.. 1968]; see Ann 93 ALR 2d 1378; cf. Morgan v. McDermott, 382 Mich. 333.)
The county contends that section 50-e of the General Municipal Law will be “ emasculated ” by állowing contribution absent a notice of claim. The language may be a bit dramatic, although there is no doubt section 50-e will be nicked a bit. However, that is how the Court of Appeals in Valstrey resolved the square con *731 flict of section 50-e and the CPLit provisions for third-party practice. The court believes that the Valstrey principle has already made this inroad upon section 50-e and the result reached here follows necessarily. The same rule would seem to extend to cross claims under Bole. (Cf. Antonelli v. City of Mount Vernon, 20 Misc 2d 331 [Sup. Ct., Westchester County, 1959].)
Two competing principles of justice appear in the case, but the county looks only at its diminished notice expectation. Consider, on the other hand, the tendered injustice worked upon a defendant who, when sued sometime after an accident, tries to implead or cross claim against a municipal agency and is denied any sharing of the monetary burden because of a supposed section 50-e notice deficiency, which only the injured party contemplating litigation could have prevented in the first place, and which timely notice the codefendant or third-party plaintiff never could have made.
It might be argued that the appropriate result here is to allow a third-party action against the county in the absence of a proper notice, but solely to the extent of diminishing Mid Island’s liability to the Zillmans. This would in effect honor part of the principle underlying Dole that a joint tort-feasor not pay, after contribution, more than his apportioned share of the damages. And, in this form, it would do so without further eroding the notice requirement since no monetary liability would accrue against the county for plaintiffs’ reduced damages where no notice was served. This argument necessarily relies on distinguishing the partial burden aspect of contribution from the ‘ ‘ all or nothing ” side of classic indemnity.
But, indemnification theory, in the prior “ active-passive ” tort-feasor cases, was itself a simplification of convergent fault participation of parties. In such cases, the active tort-feasor was held for all the damages, even those attributable to the “passive” aspect of the preceding, later or converging acts. And, the Dole case which has refined this theory, introducing the criteria of apportionate responsibility, is a case only affect: ing the rights of potential cocontributors, ‘ ‘ keeping apart the separable issues of liability of the defendant to the plaintiff and of the third-party defendant to defendant-third-party plaintiff ”. (Dole v. Dow Chem. Co., supra, pp. 143, 153.)
Under Dole, the plaintiff’s rights are apparently unaffected. 1 ‘ It should, of course, be understood that this refinement of the rule of contribution does not apply to or change the plaintiff’s right to recover against any joint tort-feasor in a separate or *732 common action the total amount of his damage suffered and not compensated.” (Kelly v. Long Is. Light Co., sufra, p. 30.)
There has been no hint by the Court of Appeals that an injured^ plaintiff may no longer recover the full amount of damages from any contributing tort-feasor who then has contributidn rights from others. This would be total comparative negligence. It would dramatically reduce recovery rights of plaintiffs by limiting a plaintiff’s damages against any defendant solely to the shape attributable to the latter’s fault, leaving unrecompensed any aspect of damage not legally attributable to any party. Here, the result would be to diminish plaintiffs’ recovery from Mid Island because of a failure of notice to the county. If that is to the judicial consequence of Dole, it is for the Court or Appeals to articulate it expressly.
There is a residual justice that comes through this maze of legal doctrines. Section 50-e which mechanically denies plaintiffs’ recovery for lack of a timely notice of claim, regardless of the seriousness of the injury or extent of governmental negligence is not a judicial darling. It precludes a claim because of the absence of thé formal notice even where no prejudice is suffered by the municipality. But that hardship need not be imposed upon the codefendants seeking contribution. The plaintiffs may have lost their remedy against the county by slowness of action, unawareness, or oversight, but Mid Island has not. Even with respect to Mid Island, the county is no more prejudiced than any other normal litigant. At the bottom, it must be recalled the county - action did not take place in the boondocks. The county’s role all transpired within a major municipal hospital under the view of the county’s professional staff, where careful written record is a matter of professional discipline.
The motion to dismiss the third-party complaint is denied.