Shirman **MILLINER** and George A. **Burch**, Plaintiffs and Appellants,

v.

**ELMER FOX AND CO.** et al., Defendants and Respondents.

No. 13520.

Supreme Court of Utah.

Dec. 10, 1974.

Richard J. Leedy, Salt Lake City, for plaintiffs and appellants.

Parker M. Nielson, Salt Lake City, for Stringham & Follett.

Leonard J. Lewis, Brent J. Giauque, of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for Elmer Fox and Co.

TUCKETT, Justice:

Plaintiffs initiated these proceedings in the court below seeking to recover for the loss in value of certain shares of stock they had purchased from Commercial Liquidators, Inc., a Utah corporation. Motions to dismiss were made by the defendants, and after a hearing was had the court ordered the complaint dismissed.

The plaintiffs' complaint alleges that the defendant Elmer Fox and Co. were public accountants employed by Commercial Liquidators, Inc., and that the defendants Don A. Stringham, Larry M. Follett, and Stringham & Follett, a professional corporation, were lawyers representing the same corporation. The complaint also alleges that the plaintiffs purchased shares of stock in Commercial Liquidators, Inc., and the purchasers relied on financial statements prepared by Elmer Fox Co. and documents prepared by the defendants Stringham & Follett for filing with the Securities & Exchange Commission in making their decision to purchase the shares. That the market value of the shares of stock fell to such an extent that the shares have become valueless. The plaintiffs further allege that after they had purchased the securities they discovered that the financial statements and securities filings were false, and allege that the defendants were negligent in the preparation of those documents.

The order dismissing the complaint does not reveal grounds on which it was based. The motions of the parties urge in general

their reasons for a dismissal. The reasons set forth are as follows: (1) there was no privity of contract between the defendants and the plaintiffs, and the plaintiffs' assertion of negligence on the part of the defendants failed to state a claim; (2) that 61–1–1, Utah Code Annotated 1953, known as the Utah Uniform Securities Act, does not provide a private remedy for violation of its provisions; and (3) that Commercial Liquidators, Inc., was an indispensable party which the plaintiffs failed to join.

■ An accountant may be held liable to his client for fraud or negligence in the preparation of financial statements as well as for breach of his contract of employment. In suits by relying third parties the cases make a distinction between actions for negligence and for fraud. This problem is one of first impression with this court. The decisions from other jurisdictions differ widely in their treatment of the problem. Some of those decisions enunciate the rule that an accountant is liable only to his client and that he is not liable to a stranger even though he knew that his reports would be relied upon by strangers.[1] Others courts have taken the view that an accountant is liable for his negligence to a relying third party, despite the absence of privity, when in preparing his report the accountant knew that a particular party or parties would rely on the report for a particular purpose. We are of the opinion that the lack of privity is not a defense where an accountant who is aware of the fact that his work will be relied on by a party or parties who may extend credit to his client or assume his client's obligations.[2] A future purchaser of shares of stock of a corporation, however, belongs to an unlimited class of equity holders who could not be reasonably foreseen as a third party who would be expected to rely on a financial statement prepared by an accountant for the corporation.

■ The relationship of attorney and client is a confidential relationship not akin to that of accountant and client. In the usual case an attorney acts upon the information furnished by his client, in carrying out his work. As a general rule, an attorney is not required to investigate the truth or falsity of facts and information furnished by his client, and his failure to do so would not be negligence on his part unless facts and circumstances of the particular legal problem would indicate otherwise or his employment would require his investigation. In their complaint the plaintiffs fail to allege acts or omissions on the part of the lawyer defendants which would tend to show negligence. Our attention has not been directed to any decision where liability of a lawyer has been sustained under similar circumstances. The plaintiffs claim that the defendant Elmer Fox and Co. is liable to the plaintiffs for damages under Section 61–1–1, U.C.A.1953, by reason of the omissions and inaccuracies contained in the financial reports prepared by it. While that section makes certain practices unlawful, it does not provide for a private right of action for its violation. The plaintiffs urge this court to fashion a remedy, but we are of the opinion that it is a matter best left to the legislature.

■ Defendants further claim that the plaintiffs have failed to join an indispensable party. There is merit in that contention inasmuch as the plaintiffs purchased the stock from Commercial Liquidators, Inc., as claimed by the allegations of the complaint. Plaintiffs should seek to recover back from the seller rather than from third parties unless the corporation

1. Ultramares Corp. v. Touche, 255 N.Y. 170, 174 N.E. 441, 74 A.L.R. 1139; State Street Trust Co. v. Ernst, 278 N.Y. 104, 15 N.E.2d 416, 120 A.L.R. 1250; Restat. Torts, Sec. 552.

2. Ryan v. Kanne (Iowa), 170 N.W.2d 395; Rusch Factors, Inc. v. Levin, 284 F.Supp. 85; Shatterproof Glass Corp. v. James (Tex. Civ.App.), 466 S.W.2d 873, 46 A.L.R.3d 968; the tentative drafts of the Restat. (Second) of Torts, Sec. 552.

has been dissolved or is under some disability. The plaintiffs have failed to allege any fact which would tend to show that the corporation is not an indispensable party. The plaintiffs make general allegations of fraud but they failed to comply with Rule 9(b), U.R.C.P.

After a careful reading and consideration of the allegations set forth in the complaint, we are of the opinion that it fails to state a claim for which relief might be granted against these defendants. The decision of the court below is affirmed. Respondents are entitled to costs.

CALLISTER, C. J., and HENRIOD, J., concur.

ELLETT and CROCKETT, JJ., concur in the result.