Van L. BUSHNELL and Allison S. Bushnell, his wife, Plaintiffs and Respondents,

v.

S. Delroy SILLITOE et al., Defendants and Appellant.

No. 14055.

Supreme Court of Utah.

June 2, 1976.

Michael W. Park, Cedar City, for James C. Sandberg, dba Sandberg Engineers.

Tex R. Olsen, Richfield, for D. Land Title Co.

Christian Ronnow, Cedar City, for plaintiffs-respondents.

MAUGHAN, Justice:

On appeal is the judgment of the district court awarding $6,000 to D. Land Title Company against James C. Sandberg, dba Sandberg Engineers. We affirm.

Plaintiffs, the Bushnells, brought an action against the Sillitoes alleging an encroachment upon their land. Bushnells joined D. Land, which had constructed the home and sold it to Sillitoes, and Sandberg Engineers. Sandberg was responsible for surveying the property. Bushnells allege that Sillitoes were trespassing on their tract; and that the survey was done in a negligent manner, by D. Land and Sandberg. Damages, and an order to remove the encroachment were prayed.

D. Land cross-claimed against Sandberg, alleging it had employed Sandberg to survey and stake the boundaries of the tract, and incorporated in the pleadings the engineer's certificate of survey. A further allegation, in the cross-claim, was that D. Land had relied solely on the engineer's services, and had constructed the home in compliance with the survey and the boundaries staked. D. Land prayed judgment against Sandberg for any and all damages awarded to Bushnell.

Subsequently, all parties entered into a stipulation, which was incorporated in the

judgment, whereby Bushnells' action was dismissed with prejudice; upon the payment by Sillitoes and D. Land the sum of $3,000 each to Bushnells. Upon receipt of the $6,000 Bushnells were to deliver a warranty deed to Sillitoes for 15.8 feet of their tract. The judgment specifically reserved the determination of liability alleged in the cross-complaint. A trial to the court produced a judgment, which is here on appeal.

The court found that immediately prior to the construction of the home, D. Land employed the services of Sandberg to survey and stake the perimeter of the tract; that Sandberg negligently located the east line of the property at a point 25 feet east of the true line; as a result of this error, the home improvements were staked in such a way as to produce an encroachment of 9 feet 4 inches into the Bushnell tract; that D. Land reasonably relied upon the location of the stakes; that Bushnells' claim was settled for $6,000, which was reasonable compensation for their damages; and this sum limits the liability of Sandberg to D. Land.

■ Sandberg's appeal is predicated on the theory the judgment on the cross-complaint produces contributions among joint tort-feasors; that prior to the enactment of 78–27–39, U.C.A. in 1973, there was no right to such contribution.[1] Thus, according to Sandberg, since the alleged negligence in surveying the property occurred in 1969, 78–27–39 is not applicable.[2]

■ The principal defect in the joint tort-feasor theory here is that the defendants were not joint or concurrent tort-feasors. Sandberg owed no duty to the adjoining landowners, the Bushnells. Sandberg's duty arose out of a contract to survey the premises, and its express representation on the certificate that the plat was correctly described, by a survey made under its direction.

The general principle is set forth in 35 A.L.R.3d 504, 507, Sec. 3:

It is clear that in the practice of his profession, a surveyor may be found liable in damages resulting from his mistake or misrepresentation in the survey of realty, where he does not perform his duties with a reasonable degree of care and skill.

Where contractual relations never existed between the plaintiff and the surveyor the question has arisen as to the applicability of the general rule that no cause of action in tort can arise from the breach of a duty existing by virtue of contract unless privity of contract existed between the defendant and the person injured. While the rule has sometimes been applied so as to relieve a surveyor from liability, it has also been held that the lack of direct contractual relationship between the parties is not a defense in a tort action.

A situation in which recovery was allowed, without a direct contractual rela-

1. *Hardman v. Matthews*, 1 Utah 2d 110, 262 P.2d 748 (1953).

2. 78–27–39 provides: "The right of contribution shall exist among joint tort-feasors, but a joint tort-feasor shall not be entitled to a money judgment for contribution until he has, by payment, discharged the common liability or more than his prorata share thereof.
   In *Augustus v. Bean*, 56 Cal.2d 270, 14 Cal. Rptr. 641, 363 P.2d 873 (1961), the court observed that the statutory system for contribution did not concern the relationship of tort-feasors to the one injured, but dealt with the relationship of tort-feasors to each other;

when, after entry of judgment, one of them discharged the common liability. The time which is significant is when the judgment is entered and payment made to the injured party, not the date of the tort. Since a contribution statute, if applied where an accident antedates its enactment, does not retroactively increase the liability existing at the time of injury; but merely provides a method of limiting liability of each of the tort-feasors to his prorated share of the judgment the statute may not be deemed to have impaired a vested right. Therefore, in an action under a statute providing for contribution the date of the original injury is not important.

tionship is found in *Rozny v. Marnul*.[3] The court held a surveyor liable on the theory of tortious misrepresentation for an inaccurate survey, although there was a lack of direct contractual relationship between the parties. The plaintiff there was the vendee of the person for whom the survey was made. The opinion states the ruling is not one fraught with an overwhelming potential of liability, because the class of persons who might foreseeably use the plat is limited to those who might deal with the property as purchasers or lenders.

In the instant matter, Bushnells are not within the class of persons for whose guidance the information was supplied by Sandberg.[4]

Thus, Sandberg could not be held liable to Bushnells. By the same token, since Sandberg was found by the court to have located the east line of the property in a negligent manner, while employed by D. Land to survey the property for the purpose of constructing a home, Sandberg was liable to D. Land.

This court has never ruled as to whether there must be privity of contract between a surveyor and a party who sustains damage, because of a surveyor's negligent misrepresentation. It is likely, for this reason, the record shows D. Land contracted to indemnify its grantees, Sillitoes ($3,000), for their loss; and D. Land proceeded above in its cross-complaint.[5]

Because this action is not one for contribution, the claim that the judgment should be limited to $1,500 is without merit.

HENRIOD, C. J., and TUCKETT, J., concur.

ELLETT, Justice (dissenting).

I dissent for the reasons that the facts of the case are not fully set forth in the main opinion and the correct law is not applied to the facts as stated. I state them as I think they are:

The Bushnells brought an action against the defendants for damages and for removal of a house which encroached upon their land. D. Land Company had built the house and sold it to McCune who in turn sold it to the Sillitoes. Sandberg had surveyed the lot for D. Land Company before the house was built. D. Land Company cross-claimed against Sandberg claiming that the survey was negligently made.

The prayer of the cross-claim of D. Land Company is as follows:

Wherefore, in the event the Court determines that the Plaintiffs herein have sustained some damage or loss as alleged in their Complaint, the Defendant prays that the total relief granted to the Plaintiffs be granted against the Defendant, James C. Sandberg, dba Sandberg Engineers, or in the alternative, *and in the event relief is granted against this Cross-Complainant, that this Cross-Complainant be awarded an indemnifying judgment against the Cross-Defendant herein for all of said relief,* together with costs incurred herein and such other relief as the Court shall seem equitable. [Emphasis added.]

3. 43 Ill.2d 54, 250 N.E.2d 656, 35 A.L.R.3d 487 (1969).

4. Restatement of Torts, Sec. 552: One who in the course of his business or profession supplies information for the guidance of others in their business transactions is subject to liability for harm caused to them by their reliance upon the information if (a) he fails to exercise that care and competence in obtaining and communicating the information which its recipient is justified in expecting, and (b) the harm is suffered (i) by the person or one of the class of persons for whose guidance the information was supplied, and (ii) because of his justifiable reliance

upon it in a transaction in which it was intended to influence his conduct or in a transaction substantially identical therewith.

5. In *Milliner v. Elmer Fox & Co.* (Utah), 529 P.2d 806 (1974), this court held that lack of privity is not a defense, where an accountant who is aware of the fact that his work will be relied on by a party or parties who may extend credit to his client or assume his client's obligations. That opinion, however, confines the liability to those who could reasonably be foreseen as a third party who would be expected to rely on the financial statement prepared by the accountant.

By this counterclaim D. Land asked the court to determine that if Bushnells were entitled to recover anything that it be solely against D. Land Company (which is really not a part of the counterclaim at all) and that if the court should hold D. Land Company for any part of the damages sustained by the Bushnells that it (D. Land Company) might be made whole by having an indemnifying judgment against Sandberg, the surveyor, for the amount of the judgment against itself. That is all D. Land Company prayed for—simply to be made whole.

During the course of the trial the plaintiffs and defendants settled their differences by entering into the following stipulation:

Come now VAN L. BUSHNELL and ALLISON B. BUSHNELL, his wife, by and through their attorney, CHRISTIAN RONNOW of RONNOW AND BISHOP; Defendants S. DELROY SILLITOE and DONNA SILLITOE, his wife, by and through their attorney, JOSEPH E. JACKSON of CLINE, JACKSON, and MAYER; Defendants D. W. OGDEN and D LAND TITLE COMPANY, a Utah corporation, by and through their attorney TEX OLSEN of OLSEN AND CHAMBERLAIN; and Defendant JAMES C. SANDBERG, dba SANDBERG ENGINEERS, by and through his attorney MICHAEL W. PARK, and stipulate and agree as follows:

### I

That in consideration of $6,000.00, cash to be paid to said Plaintiffs upon the entry of the Order of Judgment herein, which $6,000.00 shall be paid to said Plaintiff by the sum of $3,000.00 paid by Defendants S. DELROY SILLITOE and DONNA SILLITOE, his wife, and $3,000.00 paid by Defendant D LAND TITLE COMPANY, a Utah corporation, all and singular and claims of Plaintiffs against the Defendants shall be compromised and paid.

### II

Plaintiffs hereby stipulate and agree that they will execute and deliver unto Defendant S. DELROY SILLITOE and DONNA SILLITOE, his wife, as Grantees, a good and sufficient Warranty Deed conveying to said Grantees a parcel of real property more particularly described in said Warranty Deed, a copy of which said Deed is attached hereto, which is incorporated herein by this reference, and said Deed will be delivered to said Grantees concurrently with the receipt by Plaintiffs of the $6,000.00 cash aforesaid.

### III

The stipulation for compromise and release hereinabove set forth, is a release by Plaintiffs of Defendants and is further a release by Defendants of any claim against Plaintiffs, *but the determination of the liabilities as between the Defendants themselves, as to any contribution or claim set forth in Cross Complaints or any other pleadings herein are specifically reserved by said Defendants and each of them.* [Emphasis added.]

The only pleadings in the file between the defendants is the cross-claim of D. Land Company against Sandberg and the answer thereto and that is the only matter which was tried. There is no evidence whatsoever that D. Land Company agreed to pay the Sillitoes any money. The Sillitoes never at any time requested any relief from Sandberg. Apparently they were satisfied with the settlement for they got 15.8 feet of extra land from the Bushnells. Even if they had claimed against the surveyor they could not recover the full $3,000 which they had paid for the reason that they got a deed to land to which they were not entitled save by the money which they had paid. If by hook or crook they could hold the surveyor, all they could get would be the $3,000 paid less the value of the land conveyed to them.

If the Sillitoes could not recover from the surveyor, how could D. Land Company

recover for them? If the XYZ Corporation owes A some money and also owes B some money, could B, by action recover for the amount due A? The answer is too obvious to require any discussion: No, he could not.

I do not think the Sillitoes had any claim against the surveyor at all. Their relief, if any they had, was against D. Land Company on a breach of warranty.

The main opinion, ignoring the fact that the Sillitoes made no claim for indemnification from the surveyor, cites the case of Rozny v. Marnul[1] as authority for the proposition that the surveyor would have been liable to the Bushnells. That case is no authority for the holding claimed for it. In that case the surveyor surveyed lots for a subdivider and knew that the lots would be sold and could foresee that the purchaser would rely on the survey as made. He, in fact, gave an "absolute guarantee for accuracy" which he included in his plat.

In holding the surveyor liable, the Illinois court said:

As is apparent from the foregoing discussion, the factors we consider relevant to our holding are:

(1) The express, unrestricted and wholly voluntary "absolute guarantee for accuracy" appearing on the face of the inaccurate plat;

(2) Defendant's knowledge that this plat would be used and relied on by others than the person ordering it, including plaintiffs;

(3) The fact that potential liability in this case is restricted to a comparatively small group, and that, ordinarily, only one member of the group will suffer loss;

(4) The absence of proof that copies of the corrected plat were delivered to anyone;

(5) The undesirability of requiring an innocent reliant party to carry the burden of a surveyor's professional mistakes;

(6) The recovery here by a reliant user whose ultimate use was foreseeable will promote cautionary techniques among surveyors.

Based upon a consideration of these factors as presented by this record we hold plaintiffs may recover.

Furthermore that case was based upon the holding in a couple of cases[2] wherein an auditor was held responsible to lenders and purchasers for loss because of fraudulent and negligent certified audits. Those cases involved the provisions of the Securities and Exchange Act of 1933 and 1934.[3]

Regardless of the liability or lack thereof of the surveyor to the second purchaser from D. Land Company (the employer of the surveyor) the money due, if any, to the Sillitoes can be recovered by none except the Sillitoes or their assigns. No assignment was ever made and D. Land Company is not entitled to a judgment for $6,000 as awarded by the trial court and affirmed by the prevailing opinion herein. D. Land Company is entitled to be made whole under the prayer of its cross-complaint and $3,000 will satisfy both the prayer thereof and the ends of justice.

I would remand the case with directions to delete $3,000 from the judgment and would otherwise affirm it.

I would also award costs to Sandberg.

CROCKETT, J., concurs in the views expressed in the dissenting opinion of Mr. Justice ELLETT.

---

1. 43 Ill.2d 54, 250 N.E.2d 656.

2. *Rusch Factors Inc. v. Levin*, D.C.R.I., 284 F.Supp. 85 (1968); *Fischer v. Kletz*, D.C. N.Y., 266 F.Supp. 180 (1967).

3. 15 U.S.C.A., Sections 77l(2), 78j(b) and 78m(a)(2).