**Ralph BRUNYER, Plaintiff,**

**v.**

**SALT LAKE COUNTY, a Utah Corporation, and Daniel Neil Ipson, Defendants, Third-Party Plaintiffs and Appellants,**

**v.**

**Emil ZIGICH, Third-Party Defendant and Respondent.**

**No. 14267.**

Supreme Court of Utah.

June 16, 1976.

R. Paul Van Dam, Salt Lake County Atty., Harold G. Christensen, Merlin R. Lybbert and Kim R. Wilson, Worsley, Snow & Christensen, Salt Lake City, for appellants.

Timothy R. Hanson, Hanson, Wadsworth & Russon, Salt Lake City, for respondent.

TUCKETT, Justice:

This is an appeal from an order of the District Court of Salt Lake County dismissing the third-party complaint filed by Salt Lake County and Daniel Neil Ipson against the third-party defendant. We are not here concerned with the issues raised by the plaintiff against the defendants in the main action.

On April 14, 1973, the plaintiff, Ralph Brunyer, and his wife were riding as passengers in an automobile being operated by Emil Zigich, third-party defendant. While Zigich was driving the Brunyers to their residence his automobile was involved in a collision with an automobile being operated by Daniel Neil Ipson, who was a deputy sheriff of Salt Lake County. The plaintiff, Ralph Brunyer, was injured in the accident and his wife sustained fatal injuries. The plaintiff is seeking to recover damages for his own injuries and for the wrongful death of his wife. Salt Lake County and Ipson filed a third-party complaint against Zigich claiming that he was operating his vehicle while he was under the influence of intoxicating liquor, and that he was guilty of willful misconduct.

The third-party complaint is based upon the provisions of Section 78-27-39, U.C.A. 1953, amended, which reads as follows:

> The right of contribution shall exist among joint tort-feasors, but a joint tort-feasor shall not be entitled to a money judgment for contribution until he has, by payment, discharged the common liability or more than his prorata share thereof.

The effective date of the statute was May 8, 1973. The trial court in dismissing the third-party complaint was of the opinion that the act was not retroactive, and further, that the third-party complaint was premature in that the third-party plaintiffs'

claim for contribution did not in any event arise until the third-party plaintiffs had paid and discharged more than their prorata share of the common liability. Prior to the adoption of the statute there was no right to contribution between joint or concurring tort-feasors in this State.[1] Nevertheless, the third-party plaintiffs claim they are entitled to maintain the action even though the accident out of which the proceedings arose occurred prior to enactment of the statute, and prior to any contribution made by them on the theory that the action is only remedial and they should be permitted to pursue it in the event that sometime in the future they are called upon to respond in damages to the plaintiff.

▮▮▮▮ The statute above mentioned does in fact create a right of action where none existed prior to its adoption. A right of action should be distinguished from remedies. One precedes and gives rise to the other, but they are separate and distinct.[2] The contribution statute established a primary right and duty which was not in existence at the time the injuries in this case arose, and the statute not being retroactive by its terms did not create a right on behalf of the third-party plaintiffs.[3] We conclude that the order of the court below dismissing the third-party complaint was correct. Our decision effectively disposes of the appeal and we do not discuss other issues which counsel urge upon us.

The decision of the court below is affirmed. Respondent is entitled to costs.

HENRIOD, C. J., and MAUGHAN, J., concur.

ELLETT, Justice (dissenting):

Prior to May 8, 1973, there was no contribution amongst joint tort-feasors. This

1. *Hardman v. Matthews*, 1 Utah 2d 110, 262 P.2d 748.

2. *East Side Mill & L. Co. v. Southeast Portland L. Co.*, 155 Or. 367, 64 P.2d 625.

3. Sec. 68-3-3, U.C.A.1953; *Shupe v. Wasatch Electric Co.*, 546 P.2d 896 (Utah 1976); *In re Ingrahams Estate*, 106 Utah 337, 148 P.2d 340; *Petty v. Clark*, 113 Utah 205, 192 P.2d 589; *Mercur Gold M. & M. Co. v. Spry*, 16 Utah 222, 52 P. 382.

was unjust since one joint tort-feasor could be compelled, at the election of a successful plaintiff, to pay the entire judgment and even if his negligence was minor, he was helpless to recover any part of the money he paid from the other joint tort-feasors whose negligence may have been much greater than his own.

This inequitable situation was corrected by statute[1] which became effective May 8, 1973, and which provided as set out in the prevailing opinion.

In this case the plaintiff sued only the County and the deputy sheriff who was driving the car which collided with the vehicle in which plaintiff and his wife were riding. The defendants filed a third-party complaint against Mr. Zigich, the driver of the other car.

The accident occurred about three weeks prior to the effective date of the statute and the trial court, on motion, dismissed the third-party complaint based upon two grounds, viz.:

1. The statute is not retroactive and does not apply to cases based upon an accident which occurred prior to May 8, 1973.

2. The cause of action is prematurely brought.

The prevailing opinion sustains the ruling made by the trial court and thus errs.

As to the claim that the action is prematurely brought, the third-party plaintiffs pray for judgment against the third-party defendant for judgment in their favor which would reflect the precentage of negligence attributable to the said parties defendants in case they (third-party plaintiffs) are compelled to pay more than their proportionate share of the judgment. This part of the prayer is premature, since it is not known whether the third-party plaintiffs will ever pay more than their proportionate share of any judgment which may be given to the plaintiff. They are really not now praying for money. They are merely praying for that which the law will give them anyway.

However, the third-party defendant is a proper party in the action so as to be bound by any determination of the percentage of negligence of all joint tort-feasors. True it is that the cause of action for recovery of money will not arise until the third-party plaintiffs have paid more than their share of the judgment; nevertheless, in case they are the only defendants left in the case, they would have to bring a separate action against the third-party defendant to ascertain his degree of negligence in case they have to pay the judgment. That would be a waste of judicial time and effort when the percentage can be, and should be, determined in the action pending.

The case of *Lottman v. Cuilla*[2] states the law clearly. There the city was a third-party defendant and was dismissed out on its motion. In reversing, the court said:

This clearly recognizes the principle of enforced contribution amongst joint tort-feasors, thus changing the common-law rule upon that subject. It is true literally the statute applies to judgments rendered against two or more wrong-doers. But the evident purpose of the act was to relieve the rigor of the common law, so as to place the burden, as amongst themselves, equally upon all the solvent tort-feasors. There is no reason to hold the Legislature meant to exclude from the benefits of the statute those cases where, as here, the plaintiff did not elect to sue all the tort-feasors; but every consideration impels us to hold that the defendant sued may, and should be allowed to, bring in other wrongdoers, provided he does so in such way as not to delay or otherwise prejudice the plaintiff's case.

Another interesting case is *Markey v. Skog*.[3] There the plaintiff had not timely

1. Sec. 1, Ch. 209, L.U.1973, codified as 78–27–39, U.C.A.1953, 1975, Pocket Supp.

2. 288 S.W. 123, Tex.Com.App.

3. 129 N.J.Super. 192, 322 A.2d 513 (1974).

filed a claim against the state (a joint tort-feasor) and therefore could not recover against it. The action was as a consequence brought against the other joint tort-feasor only. The defendant moved to bring in the state as a third-party defendant. The motion was denied. In reversing the rule the court said:

. . . Thus, although a defendant is not necessarily bound to proceed against joint tort-feasors in the same action in which plaintiff seeks to establish his (defendant's) liability, he ordinarily will, nevertheless, do so because a single action is the most orderly and logical manner in which proof of common liability can be established—and it is, of course, common liability which is the substantive basis of the right of contribution.

As to the claim that the statute cannot apply to cases where the tort sued upon by plaintiff antedated the statute it should be kept in mind that the statute would not apply to a case where one joint tort-feasor had paid the judgment prior to May 8, 1973. However, where a judgment is rendered and payment is made after that date there is no question of retroactivity because the right to contribution arose after the effective date of the statute. I agree that a cause of action is now given by the statute where none existed prior thereto, but the cause is not coexistent with the original tort, it comes into existence after

judgment and after payment of more than a proportionate share thereof.

The main opinion confuses the rights of a plaintiff with those of a joint tort-feasor. A plaintiff's right of action would be governed by the law as it existed at the time of the tort. In the instant matter the plaintiff's cause is not affected by the third-party complaint. The difference between the rights of the plaintiff and of joint tort-feasors is set out in the case of *Hudson v. Hutchason*[4] under a statute similar to ours wherein the court held that the statute refers to the causes of action for contribution, rather than those for the original injury, and that where a judgment in a tort suit is entered against two defendants after January 1, 1958 (the effective date of the statute), and is satisfied by one of them, there is a right of contribution notwithstanding the fact that the accident occurred before that date. The same holding was made by the Supreme Court of California in 1961 in the case of *Augustus v. Bean*[5] and that seems to me to be the proper holding.

I would reverse the trial court and remand the matter for further proceedings and would award costs to the appellant.

CROCKETT, J., concurs in the views expressed in the dissenting opinion of EL-LETT, J.

4. 171 Cal.App.2d Supp. 869, 340 P.2d 756 (1959).

5. 56 Cal.2d 270, 14 Cal.Rptr. 641, 363 P.2d 873.