**UNIGARD INSURANCE COMPANY, Plaintiff and Appellant,**

v.

**The CITY OF LaVERKIN, Defendant and Respondent.**

**No. 18795.**

Supreme Court of Utah.

Sept. 28, 1984.

---

Sherlynn White Fenstermaker, Salt Lake City, for plaintiff and appellant.

William F. Bannon, Salt Lake City, for defendant and respondent.

STEWART, Justice:

Unigard Insurance Company settled a prior lawsuit against its insured which arose out of an automobile collision. Subsequently, Unigard sued the City of LaVerkin for contribution as a joint tortfeasor. The trial court entered summary judgment for the City and Unigard appeals. The principle issue to be decided is whether under the Utah Comparative Negligence Act a joint tortfeasor's right of action for contribution arises when the tort occurs or when the joint tortfeasor has paid more than its fair share of the damages to the plaintiff. The trial court held that the claim for contribution arises when the tort occurs and hence was barred by the notice of claim provision in the Sovereign Immunity Act. On a cross-appeal, the City of LaVerkin argues that the trial court erred in denying the City's motion for summary judgment, which was based on the argument that the City's conduct was not the proximate cause of the accident.

Unigard Insurance Company issued a policy of public liability insurance to Sherwin W. Slack. On July 11, 1979, Slack drove through a yield sign in LaVerkin City and collided with an automobile driven by Martha Jane Raftery in LaVerkin, Utah. Brooke Raftery, a passenger in the Raftery vehicle, was seriously injured. Unigard paid Raftery a presettlement amount of $5,000 on December 17, 1979; a settlement agreement was executed and approved by the court on or about May 12, 1980; and a final payment of $5,748.95 was made pursuant to the settlement. Unigard filed a notice of claim against LaVerkin City on April 22, 1981, more than a year after the accident, but less than a year after LaVerkin's last payment to Raftery. Thereafter, Unigard filed suit against LaVerkin City to recover a portion of the money paid Raftery. Unigard alleged that LaVerkin City was a joint tortfeasor because it had negligently allowed tree foliage to block the yield sign. On the authority of *Brunyer v. Salt Lake County*, Utah, 551 P.2d 521 (1976), the trial court dismissed the complaint because more than a year had passed since the accident occurred and thus § 63–30–13 barred the claim.

Section 63–30–13 of the Governmental Immunity Act, as it read at the time of the instant action, provided that "a claim against a political subdivision is barred unless notice of claim is filed with the governing body of the political subdivision within one year after the cause of action arises ...."[1] The principal issue here is, when

---

1. Section 63–30–13 was amended in 1983, but the amendments do not apply to this case.

does a claim for contribution based on liability as a joint tortfeasor arise?

 A claim against a joint tortfeasor for contribution under § 78–27–39 is not founded in tort law, and although it grows out of the same facts, it is separate and distinct from a tort claim for relief. *Brunyer v. Salt Lake County*, Utah, 551 P.2d 521 (1976). Each of the two claims for relief has different conceptual roots and arises out of a different branch of the common law. Unlike a tort action, an action for contribution was derived from the common law doctrine of implied-in-fact contract, which was designed "to rectify the inequity resulting when one tortfeasor pays more than his share of the common liability." 57 A.L.R. 3d 927, 931 (1974).

██ Prior to the enactment of the Utah Comparative Negligence Act, there was no right to contribution among joint tortfeasors in Utah. Under the Act, the right of action for contribution accrues when one of several joint tortfeasors has paid more than his share of a common liability.[2] Section 78–27–39 states:

> The right of contribution shall exist among joint tort-feasors, but a joint tortfeasor shall not be entitled to a money judgment for contribution until he has, by payment, discharged the common liability or more than his pro rata share thereof.

██ The point is emphasized by § 78–27–40, which provides that if a defendant settles with a plaintiff, the defendant may sue for contribution only if the tortfeasor from whom he seeks contribution was also released by the settlement for the underlying tort. Thus, irrespective of when the underlying tort action arises, a claim for contribution "arises" only when a defendant meets the conditions specified by the Comparative Negligence Act.

This conclusion is supported by sound policy considerations. If the City's view prevailed that the action arose with the occurrence of the tort action, a plaintiff could destroy a joint tortfeasor's right of contribution by not bringing his action until after the statute of limitations had run on the defendant's action. *See Royal Car Wash Co. v. Mayor and Council of Wilmington*, Del. Super. Ct., 240 A.2d 144 (1968); *Thomas v. Przbylski*, 83 Wash.2d 118, 516 P.2d 207 (1973). That result would be both inherently unfair as well as in conflict with the basic policy of the Comparative Negligence Act, which was designed to spread the loss for injuries among all who are responsible.

This result is also supported by an ample number of cases from other jurisdictions. *E.g., United States Lines, Inc. v. United States*, 470 F.2d 487 (5th Cir.1972); *Keleket X-Ray Corp. v. United States*, 275 F.2d 167 (D.C. Cir.1960); *Globig v. Greene & Gust Co.*, 184 F.Supp. 530 (E.D.Wis.1960); *Royal Car Wash Co. v. Mayor and Council of Wilmington*, Del.Super.Ct., 240 A.2d 144 (1968); *Ezzi v. De Laurentis*, 172 N.J. Super. 592, 412 A.2d 1342 (1980); *Zillman v. Meadowbrook Hospital Co.*, 73 Misc.2d 726, 342 N.Y.S.2d 302 (N.Y.Sup.Ct.1973), *rev'd on other grounds*, 45 App.Div.2d 267, 358 N.Y.S.2d 466 (1974); *Thomas v. Przbylski*, 83 Wash.2d 118, 516 P.2d 207 (1973). A common rationale in these cases is that while the right of contribution grows out of the existence of liability for the tort, it does not ripen into a claim for relief for which a remedy may be given until the statutory conditions for contribution are met. Some courts have simply held notice requirements to be inapplicable where a defendant seeks contribution from a municipality. *See, e.g., Olsen v. Jones*, Iowa, 209 N.W.2d 64 (1973); *Armour v. Wisconsin Gas Co.*, 54 Wis.2d 302, 195 N.W.2d 620 (1972); Annot., "Claim for contribution or indemnification from another

---

**2.** The Comparative Negligence Act contemplates that all joint tortfeasors may be joined in one action either at the instance of the plaintiff or by the defendants' impleading other joint tortfeasors. *See* § 78–27–38. *See generally Jensen v. Intermountain Health Care, Inc.*, Utah, 679 P.2d 903 (1984). If one named as a defendant

tortfeasor impleads another alleged joint tortfeasor, the defendant in the initial action does so, not on the ground that a claim for relief then exists against the third-party defendant, but on the ground that the third-party defendant "may be liable" to the defendant in the principal action. Utah R.Civ.P. 14(a).

tortfeasor as within provisions of statute or ordinance requiring notice of claim against municipality," 93 A.L.R.2d 1378 (1964). Although some jurisdictions have held to the contrary, *see, e.g., Hansen v. D.M. & I.R. Railway Co.*, 292 Minn. 503, 195 N.W.2d 814 (1972), we are of the view that the more persuasively reasoned cases are in accord with the conclusion we reach here.

The holding in this case is not inconsistent with *Brunyer v. Salt Lake County*, Utah, 551 P.2d 521 (1976). In *Brunyer*, the plaintiff was injured and his wife killed while riding in a car that collided with a car driven by a Salt Lake County employee. The accident occurred April 14, 1973. Brunyer sued Salt Lake County and its employee, who filed a third-party complaint for contribution against the driver of the car in which the Brunyers were riding. The Comparative Negligence Act, on which the third-party complaint was founded, became effective May 8, 1973, and was not by its terms made retroactive. The district court dismissed the complaint for contribution on the ground that the Comparative Negligence Act "established a primary right and duty" that did not exist at the time the injuries occurred and could not be deemed to be retroactive. Therefore, the statute "did not create a right on behalf of the third-party plaintiffs," *id.* at 522, whether choate or inchoate at the time of the filing of the complaint.[3]

■ As an alternative argument in support of its summary judgment, the City argues on its cross-appeal that the plaintiff's insured had a duty to yield at the intersection irrespective of whether the yield sign was visible or not and therefore the City's failure to keep the sign unobstructed could not have been a proximate cause of the accident. Proximate cause is usually a factual issue and in most circumstances will not be resolved as a matter of law. *See, e.g., Harris v. Utah Transit Authority*, Utah, 671 P.2d 217 (1983); *Jensen v. Mountain States Telephone and Telegraph Co.*, Utah, 611 P.2d 363 (1980). The proximate cause issue in the instant case is a factual issue.

The parties also raise the issue of whether the trial court properly taxed the costs of two depositions against the plaintiffs. Because this case must be reversed and remanded for a trial on the merits, it would be premature for us to address this issue now.

Reversed and remanded. Costs to appellant.

HALL, C.J., and HOWE and DURHAM, JJ., concur.

ZIMMERMAN, J., does not participate herein.

---

3. One could conclude that there is an inference that *Brunyer* in effect holds that the right of contribution arose at the time of the underlying tort. Such an inference is not the stuff out of which holdings are created. The majority opinion did not address the question; it addressed only the issue of retroactivity. Therefore, whether the claim for contribution arises from the occurrence of the underlying tort or at a later time, as we hold, the ruling in *Brunyer* stands for the proposition that the act was not applicable in any respect to any liability for injuries occurring prior to the effect date of the statute.