SECURITIES AND EXCHANGE COM-
MISSION, Plaintiff-Appellant,

v.

Andrew J. HASWELL, Jr.,
Defendant-Appellee.

No. 78–1048.

United States Court of Appeals,
Tenth Circuit.

Argued July 17, 1979.

Decided July 17, 1981.

James H. Schropp, Asst. Gen. Counsel, Securities and Exchange Commission, Washington, D. C. (Harvey L. Pitt, Gen. Counsel, Paul Gonson, Associate Gen. Counsel, Paul D. Glenn, Atty. and Mitchell D. Dembin, Atty., Washington, D. C., with him on the briefs), for plaintiff-appellant.

Thomas J. Kenan, Oklahoma City, Okl. (Robert C. Bailey, Oklahoma City, Okl., with him on the brief), for defendant-appellee.

Before SETH, Chief Judge, and BREITENSTEIN and McKAY, Circuit Judges.

McKAY, Circuit Judge.

This is an appeal by the Securities and Exchange Commission from an order denying its request for injunctive relief against defendant. The Commission's complaint charged defendant with violations of registration[1] and antifraud[2] provisions of the federal securities laws and sought to enjoin those violations.[3] The district court found

---

1. Sections 5(a) and 5(c) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a), 77e(c).

2. Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), and Section 10(b) of the Security ity Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5.

3. Section 20(b) of the Securities Act of 1933, 15 U.S.C. § 77t(b), provides:

Whenever it shall appear to the Commission that any person is engaged or about to

engage in any acts or practices which constitute or will constitute a violation of the provisions of this subchapter [e. g., § 17(a)], or of any rule or regulation prescribed under authority thereof, it may in its discretion, bring an action in any district court of the United States . . . to enjoin such acts or practices, and upon a proper showing a permanent or temporary injunction or restraining order shall be granted without bond.

Similarly, § 21(d) of the 1934 Act, 15 U.S.C. § 78u(d), authorizes the Commission to seek injunctive relief whenever it appears that a

that defendant had not violated the federal securities laws. The district court also concluded that even if defendant had violated the securities laws, the permanent injunction sought should be denied since there was no reasonable likelihood that the wrongs would be repeated.

The Commission challenges the district court's conclusion that the Commission must demonstrate scienter when it seeks to enjoin violation of § 17(a) and § 10(b) and Rule 10b–5. The Commission additionally argues that defendant in fact acted with scienter in violating the cited antifraud provisions and that defendant violated the cited registration provisions.

Since this case was submitted, the Supreme Court has settled the issue of what standard of proof must be met by the Commission when it seeks to enjoin violations of § 17(a) and § 10(b) and Rule 10b–5. In *Aaron v. SEC*, 446 U.S. 680, 100 S.Ct. 1945, 64 L.Ed.2d 611 (1980), the Court held that scienter[4] is a necessary element of a violation of § 17(a)(1) and § 10(b) and of Rule 10b–5. Scienter was held not to be a necessary element of a violation of § 17(a)(2) or § 17(a)(3). More importantly, the Court held that "when scienter is an element of the substantive violation sought to be enjoined, it must be proved before an injunction may issue." 446 U.S. at 701, 100 S.Ct. at 1958.

The district court correctly anticipated much of *Aaron* but failed to differentiate between § 17(a)(1), a violation of which includes scienter, and § 17(a)(2) and § 17(a)(3), which may be violated absent scienter. However, this misapprehension of the standard to be applied to § 17(a)(2) and § 17(a)(3) violations does not require reversal. The district court concluded that defendant had not acted with scienter with regard to *any* of the federal securities law

violations charged. In perhaps unintentional anticipation that scienter may not be required to prove a violation of some of the charged statutes, as is true for § 17(a)(2) and § 17(a)(3), the district court concluded that "even if [defendant] had violated the federal securities laws, the permanent injunction sought by the Commission should be denied under the circumstances." Record, vol. 2, at 450.

The presence or absence of scienter in a defendant's past conduct, even if that conduct constitutes a violation of the securities laws absent scienter, is a circumstance which bears heavily on a district court's decision to issue an injunction. In *Aaron*, the Supreme Court addressed this precise issue in relation to injunctions to halt violations of § 17(a)(2) and § 17(a)(3):

This is not to say, however, that scienter has no bearing at all on whether a district court should enjoin a person violating or about to violate § 17(a)(2) or § 17(a)(3). In cases where the Commission is seeking to enjoin a person "*about* to engage in acts or practices which ... *will* constitute" a violation of those provisions, the Commission must establish a sufficient evidentiary predicate to show that such future violation may occur. See *SEC v. Commonwealth Chemical Securities, Inc.*, 574 F.2d 90, 98–100 (CA2, 1978) (Friendly, J.); 3 L. Loss, Securities Regulation, at 1976. An important factor in this regard is the degree of intentional wrongdoing evident in a defendant's past conduct. See *SEC v. Wills*, 472 F.Supp. 1250, 1273–1275 (DC 1978). Moreover, as the Commission recognizes, a district court may consider scienter or lack of it as one of the aggravating or mitigating factors to be taken into account in exercising its equitable discretion in deciding

person "is engaged or is about to engage in acts or practices constituting" a violation of the 1934 Act (*e. g.*, Rule 10(b)), or regulations promulgated thereto (*e. g.*, Rule 10b–5), and requires a district court "upon a proper showing" to grant injunctive relief.

4. The term "scienter" is used in *Aaron* "to refer to 'a mental state embracing intent to deceive,

manipulate, or defraud.' " 446 U.S. at 686 n.5, 100 S.Ct. 1950 n.5 (quoting *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 194 n.12, 96 S.Ct. 1375, 1381 n.12, 47 L.Ed.2d 668 (1976)). The Court expressly reserved the question whether, under some circumstances, scienter may also include reckless behavior.

whether or not to grant injunctive relief. And the proper exercise of equitable discretion is necessary to ensure a "nice adjustment and reconciliation between the public interest and private needs." *Hecht Co. v. Bowles,* 321 U.S. 321, 329, 64 S.Ct. 587, 592, 88 L.Ed. 754.

446 U.S. at 701, 100 S.Ct. at 1958. In addition, the Chief Justice emphasized in concurrence:

It bears mention that this dispute, though pressed vigorously by both sides, may be much ado about nothing. This is so because of the requirement in injunctive proceedings of a showing that "there is a reasonable likelihood that the wrong will be repeated." *SEC v. Manor Nursing Centers, Inc.,* 458 F.2d 1082, 1100 (CA2, 1975). Accord, *SEC v. Keller Corporation,* 323 F.2d 397, 402 (CA7, 1963). To make such a showing, it will almost always be necessary for the Commission to demonstrate that the defendant's past sins have been the result of more than negligence. Because the Commission must show some likelihood of a future violation, defendants whose past actions have been in good faith are not likely to be enjoined. See opinion of the Court, *ante,* at 701 [100 S.Ct. at 1958]. That is as it should be. An injunction is a drastic remedy, not a mild prophylactic, and should not be obtained against one acting in good faith.

446 U.S. at 703, 100 S.Ct. at 1959.

■ Bearing these standards in mind, we find substantial evidence in the record to support the district court's conclusion that defendant did not act with scienter in relation to any of his charged misconduct. Even assuming that defendant violated § 17(a)(2) and § 17(a)(3), which would not require a showing of defendant's scienter, the absence of scienter alone supports the denial of the injunction in this case. While we cannot say that a contrary conclusion would not have been justified on this record, neither can we say that the record is so strong that it was error for the trial court to refuse an injunction. The standards employed by the trial court in deciding the

separate issue of whether an injunction should issue were not in error. Since the only relief requested was an injunction, our conclusion on this issue is dispositive of the case.

AFFIRMED.