SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,

v.

MICK STACK ASSOCIATES, INC., Richard Smith, Robert Adrian, and Kenneth Mick, Defendants-Appellants.

Nos. 80–1248, 80–1249.

United States Court of Appeals, Tenth Circuit.

May 6, 1982.

John F. McGee, Kidwell & Williamson, Chartered, Wichita, Kan. (Walter C. Williamson, Wichita, Kan., with him on the briefs), for defendants-appellants Mick Stack Associates, Inc., Richard Smith and Robert Adrian.

Ross D. Alexander, Wichita, Kan., for defendant-appellant Kenneth Mick.

Linda D. Fienberg, Washington, D. C., (Michael K. Wolensky, Associate Gen. Counsel, Bruce F. Rinaldi, Sp. Counsel, Philip H. Becker, Atty., and Paul Gonson, Sol., S.E.C., Washington, D. C., of counsel, with her on the briefs), for plaintiff-appellee.

Before HOLLOWAY, McKAY and LOGAN, Circuit Judges.

McKAY, Circuit Judge.

This is an appeal from a district court order granting the Securities and Exchange Commission's (SEC) motion for summary judgment and request for injunctive relief against Mick Stack Associates, Inc. (Mick Stack), a Wichita, Kansas, securities broker-dealer and its principals and employees Kenneth Mick, Richard E. Smith, and Robert Adrian. The district court found that these defendants had violated the provisions of section 10(b) of the Securities and Exchange Act of 1934, as amended, 15 U.S.C. § 78j(b), and Rule 10b–5 [17 C.F.R. § 240.-10b–5] and Rule 10b–13 [17 C.F.R. § 240.-10b–13] promulgated thereunder, in connection with a scheme to obtain control of Farm & Ranch Financial, Inc. (Farm & Ranch), a Kansas insurance holding company. In particular, the district court found that, while acting as managers of a tender offer for the stock of Farm & Ranch, defendants also made purchases on the open market of Farm & Ranch shares from Mick Stack customers in violation of section 10(b) and Rule 10b–13, which prohibits a person who has made a tender offer for a company's shares from purchasing that company's shares on the open market during the pendency of the tender offer. The district court also found that defendants violated section 10(b) and Rule 10b–5 by failing to disclose various material facts to Farm & Ranch shareholders at the time Mick Stack offered to purchase their shares.

The district court granted the SEC's motion for summary judgment and injunctive relief prior to the Supreme Court's decision in *Aaron v. SEC*, 446 U.S. 680, 100 S.Ct. 1945, 64 L.Ed.2d 611 (1980). In *Aaron* the Court concluded that whether the plaintiff is a private party or the SEC, "scienter is a necessary element of a violation of § 10(b) and Rule 10b–5." *Aaron v. SEC*, 446 U.S. at 695, 100 S.Ct. at 1955; *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). The term "scienter" refers "to 'a mental state embracing intent to deceive, manipulate, or defraud.'" 446 U.S. at 686 n.5, 100 S.Ct. 1950 n.5 (quoting *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 194 n.12, 96 S.Ct. 1375, 1381 n.12, 47 L.Ed.2d 668 (1976)).

Because this case was tried before *Aaron* was decided, the SEC did not specifically allege scienter in its complaint, nor did the district court make specific findings concerning the defendants' intent to deceive, manipulate, or defraud the shareholders of Farm & Ranch. *But see SEC v. Haswell*, 654 F.2d 698, 699 (10th Cir. 1981). When the substantive law changes while a case is pending appeal, the general rule requires that the appellate court apply the law in effect at the time the appeal is to be decided, so long as manifest injustice does not occur. *Key v. Rutherford*, 645 F.2d 880, 883 (10th Cir. 1981). *See Bradley v. Richmond School Board*, 416 U.S. 696, 711–21, 94 S.Ct. 2006, 2016–21, 40 L.Ed.2d 476 (1974). *Aaron* requires that scienter be pleaded and proved in any action brought pursuant to section 10, which proscribes the use of manipulative or deceptive devices in the purchase or sale of securities. Since scienter was not specifically alleged, on remand it will be necessary for the trial court to de-

termine in the first instance whether the pleadings properly can be amended to permit appropriate allegations. Even if the trial court appropriately permits such amendment, we cannot determine the propriety of the court's grant of summary judgment and injunctive relief without specific findings with respect to the presence or absence of scienter on the part of each defendant. We must therefore remand this case to the district court for consideration of the pleadings and proof with respect to the alleged violations of Rule 10b–5 and Rule 10b–13.[1] *See Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 516 F.2d 33, 40–41 (10th Cir. 1975).

---

1. The Court in *Aaron* does not discuss the requirement of scienter in an alleged violation of Rule 10b–13. In *Hochfelder*, from which the *Aaron* Court in large part derived its reasoning, the Supreme Court considered the plain meaning and legislative history of section 10(b) as well as the general structure of the civil liability provisions in the 1933 and 1934 Acts, concluding that section 10(b) proscribed only conduct involving scienter. 425 U.S. at 197–211, 96 S.Ct. at 1382–89. The Court in *Hochfelder* also reasoned that because the SEC's rule-making powers are derived from the statutory authority, Rule 10b–5 must also be applied only to conduct involving scienter. 425 U.S. at 212–14, 96 S.Ct. at 1390–91. We believe that this rea-

soning is equally applicable to violations of Rule 10b–13 when it is alleged that defendants engaged in manipulative and deceptive practices in violation of section 10(b) by engaging in open market purchases of a target's securities during the pendency of a tender offer. Therefore, under the circumstances of this case, the SEC on remand must prove scienter to sustain a violation of that rule. We need not address the broader question of whether a showing of scienter is necessary to sustain all alleged violations of Rule 10b–13 absent specific allegations of manipulative and deceptive practices in connection with open market purchases of the target's securities during an announced tender offer.