Carlos J. CASTRO, et al., Plaintiffs,

v.

PAINE, WEBBER, JACKSON AND
CURTIS, INC., et al., Defendants.

Civ. No. 81–0017.

United States District Court,
D. Puerto Rico.

Nov. 10, 1983.

**656**

Joseph Chalverus Bertrand, Law Offices, Gerardo A. Carlo, San Juan, P.R., for plaintiffs.

Irwin H. Flashman, O'Neill & Borges, Hato Rey, P.R., for Paine, Webber, Jackson and Curtis.

Carlos Bobonis González, Hato Rey, P.R., for Ramón Domínguez Tomás and rest of defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

The matter is before the Court upon defendants' Motion to Strike and Memorandum of Law in Support Thereof, filed on October 17, 1983. Plaintiffs filed an opposition thereto on October 25, 1983, and defendants filed a reply on October 31, 1983.

Defendants request the Court to strike the newly asserted claims under the Commonwealth of Puerto Rico laws and to dismiss plaintiffs' claim for damages for alleged emotional, moral, physical sufferings, and loss of income.

A brief background of procedural facts is necessary in order to decide the present issue. Defendants filed a motion to dismiss the amended complaint for failure to state a claim upon which relief could be granted and that certain claims were time barred. We issued an Opinion and Order on February 28, 1983, dismissing all of the plaintiffs' claims, except Section 10(b) of the Securities Act of 1934 and Section 17(a) of the Securities Act of 1933, against defendants. We could not dismiss plaintiffs' claims under the laws of the Commonwealth of Puerto Rico, 10 L.P.R.A. 851, 852 and 890, and 31 L.P.R.A. 3018–3024, 3404, 3408, 3409, 4426, 4441, 4442, 4449 and 5141, because they were not alleged in the amended complaint.

The only allegations in the amended complaint with respect to the violation of any Puerto Rican law, although not explicitly stated, refer to Article 1308 of the Civil Code, 31 L.P.R.A. 3661. Paragraphs 3, 4, 6, 16, 17, 18, 20, 24 and 26 state that plaintiff and co-plaintiff constitute a conjugal partnership under the laws of Puerto Rico; that co-plaintiff never authorized the opening of the investment account nor the loans, and that defendants so knew, in violation of the laws of Puerto Rico. That claim alleged in

the amended complaint was expressly dismissed in our Opinion and Order of February 28, 1983.

■ Federal Rules of Civil Procedure 8(a)(2), requires that "a short and plain statement of the claim showing that the pleader is entitled to relief be included in the complaint;" not in the supplementary answers to a set of interrogatories. Paragraph 36 of the amended complaint is in violation of Rule 8(a)(2). Paragraph 36 is a catch-all as to Puerto Rican laws. It alleges violations of "the duties and obligations arising under the Act of 1933, the Act of 1934, particularly Section 10(b) . . ., as well as constitute direct violations of the Rules of Fair Practice adopted by the NASD and the NYSE, and of the laws of the Commonwealth of Puerto Rico." None of the state laws are specified, nor has a private right of action for such violations been alleged or shown to exist. See *Wenzoski v. Citicorp.,* 480 F.Supp. 1056 (N.D.Cal.1979); *Northland Equities, Inc. v. Gateway Ctr. Corp.,* 441 F.Supp. 259 (E.D.Pa.1977).

■ Section 28(a) of the Securities Exchange Act of 1934, 15 U.S.C. 78bb(a), states that plaintiffs cannot recover "a total amount in excess of actual damages on account of the act complained of." The purpose of Section 28(a) is to compensate civil plaintiffs for economic loss suffered as a result of the wrongs committed in violation of the Act. *Osofsky v. Zipf,* 645 F.2d 107 (2nd Cir.1981). Thus, said section has been construed to deny the award of damages for mental distress for violations of the Securities Act of 1933 and Securities Exchange Act of 1934. *Greitzer v. United States Nat'l. Bank,* 326 F.Supp. 762 (S.D. Cal.1971). However, such damages may be alleged and recovered if allowable under state law and *if* state law violations are joined to an action premised on violations of the 1934 Act. *Emmons v. Merrill Lynch, Pierce, Fenner & Smith,* 532 F.Supp. 480 (S.D.Ohio 1982); *Miley v. Oppenheimer & Co., Inc.,* 637 F.2d 318, 329 (5th Cir.1981). The only state law violation joined with the Exchange and Securities Act violations was dismissed in our Opinion and Order of February 28, 1983.

WHEREFORE, it is hereby ORDERED that defendants' motion to strike, filed on October 17, 1983, is hereby GRANTED.

IT IS SO ORDERED.