Robert John ARKO, Plaintiff,

v.

The UNITED STATES AIR FORCE RESERVE OFFICER TRAINING PROGRAM; the School of Education, University of Colorado; School of Law, University of Colorado; the American Bar Association; the Association of American Law Schools; the Law School Admission Counsel; and the Law School Admission Services, Defendants.

No. 86–F–1818.

United States District Court, D. Colorado.

Feb. 26, 1987.

Robert John Arko, pro se.

Colleen Conlin, Asst. U.S. Atty., Denver, Colo., Steven J. Pecinovsky, Captain, U.S. Air Force, Gen. Litigation Div. Office of the Judge Advocate Gen., Washington, D.C., for defendant U.S. Air Force Reserve Officer Training Program.

C.U. School of Law, Boulder, Colo., for defendants School of Educ., University of Colorado and School of Law, University of Colorado.

American Bar Ass'n, Washington, D.C., for defendant American Bar Ass'n.

John V. McDermott, Denver, Colo., Glen S. Gerstell, D. Stephen Mathias, Washington, D.C., for defendants Law School Admission Counsel and the Law School Admission Services.

### ORDER

SHERMAN G. FINESILVER, Chief Judge.

Plaintiff's *pro se* Complaint alleges numerous causes of action against the above-named defendants. First, he claims a Professor at the University of Colorado asked him to withdraw from the Air Force Reserve Officer Training Program in November, 1966. He withdrew, without being given an opportunity for a hearing. Plaintiff also asserts he was asked to withdraw from the Student Teaching Program at the School of Education at the University of Colorado during the spring of 1969. Again, he withdrew, without opportunity for a hearing. Lastly, he claims he has been denied admission to the University of Colorado School of Law more than one time. He contends his denial of admission occurred without due process. Additionally, he claims Viet Nam veterans with low grade point averages and low Law School Admissions Test scores have been denied admission to law schools more readily than other applicants since 1965. He also contends defendant professional associations are operating in violation of the Sherman Act and the Clayton Act.

Only the United States Air Force Reserve Officer Training Program, the Law School Admission Counsel (LSAC), and the Law School Admission Services (LSAS) have appeared to date. Each has filed a Motion to Dismiss the Complaint on numerous grounds. We find that plaintiff's claims are barred by the applicable statutes of limitation.

 Plaintiff's claim against the United States Air Force Reserve Officer Training Program [1] is barred by the statute of

---

1. The Reserve Officer Training Program is not the proper party defendant. Plaintiff should

limitations. Under 28 U.S.C. § 2401(a), a cause of action against the United States or one of its agencies is time-barred if not commenced "within six years after the right of action first accrues." Plaintiff's claim against the United States, contained in Paragraph 6 of the Complaint, admittedly accrued in 1966. He did not file his Complaint until September 2, 1986. He has made no showing that the statute of limitations was somehow tolled during the twenty years between his departure from the Training Program and commencement of the suit. Nor does the Court know of any cognizable reason for tolling the statute. Defendant United States Air Force Reserve Officer Training Program's Motion to Dismiss is GRANTED.[2]

██ Plainitiff's claims against the LSAC and the LSAS are similarly barred. His due process and equal protection claims are apparently brought pursuant to 42 U.S.C. § 1983. As there is no federal statute of limitations for claims brought under 42 U.S.C. § 1983, the Colorado statute of limitations for actions under federal statutes applies. Under Colo.Rev.Stat. § 13–80–102(g) (1986 Cum.Supp.), such claims are barred if they are not commenced within two years after the cause of action accrues. Again, we can conceive of no reason why the statute of limitations on plaintiff's constitutional claims was tolled during the period at issue.[3] As such, defendants LSAS and LSAC's Motion to Dismiss those claims is GRANTED.

██ Plaintiff also asserts antitrust claims against LSAS and LSAC. Section 4B of the Clayton Act, at 15 U.S.C. § 15b, provides a four year statute of limitations for private antitrust actions. The limitations period begins to run when the cause of action accrues.[4] The Ninth Circuit has held § 4B does not apply to equitable claims under the Clayton Act, but a defense of laches does apply and bars equitable claims four years after accrual of the cause of action. *International Telephone & Telegraph Co. v. General Tel. & Electronics Corp.*, 518 F.2d 913, 929 (9th Cir.1975). We concur. Because again, no sufficient reason exists for tolling the statute, the Motion to Dismiss plaintiff's antitrust claims is GRANTED.

ACCORDINGLY, defendants' Motions to Dismiss are GRANTED. Additionally, the remainder of plaintiff's claims fail under the respective statutes of limitation, for the reasons-expressed above. Therefore, those claims are also dismissed, *sua sponte*. The Clerk of the Court is DIRECTED to enter judgment for defendants and against plaintiff Robert John Arko. Plaintiff's claims are DISMISSED, with prejudice. The Clerk of the Court is DIRECTED to enter judgment in favor of the defendants and against the plaintiff. Each party is to bear its own costs.

---

have brought his claim against a branch of the military or a federal agency. However, we assume for purposes of this Order that a proper U.S. defendant has been named.

2. Plaintiff appears to argue that the due process violation at issue has somehow been continuing to this date. However, plaintiff has not brought a class action, and cannot purport to assert the rights of others not before the Court.

3. Again, plaintiff appears to assert some sort of continuing constitutional violation. However,

we confine our analysis to the violations asserted on behalf of the plaintiff himself, between the years of 1965 and 1969. *See* footnote 2, above.

4. A cause of action under the Sherman Act does not accrue until damages are ascertainable. However, in this case, any damages to plaintiff were ascertainable upon his denial of admission to law school.