**Michael T. ROSE, Plaintiff,**

v.

**Marcos E. KINEVAN, et al., Defendants.**

**Civ. A. Nos. 86–K–1346, 87–K–13.**

United States District Court, D. Colorado.

March 30, 1987.

Michael T. Rose, Summerville, S.C., pro se.

John V. McDermott, Jensen, Byrne, Parsons & Ruh, Denver, Colo., Thomas J. Loughran, Susan B. Bovee, Finkelstein, Thompson, Levenson & Lewis, Washington, D.C., for plaintiff.

Richard J. Nolan, Asst. U.S. Atty., Denver, Colo., Charles G. King, Maj., USAF, Gen. Litigation Div., Dept. of the Air Force, Washington, D.C., for all defendants except Pillari.

David J. Figuli, Richard D. Panza, Wickens, Herzer & Panza, Greeley, Colo., for Thomas Pillari.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is a consolidated action against the Department of the Air Force and many individual defendants. The amended complaint in 86–K–1346 alleges eleven claims for relief: *Bivens* violations, conspiracy under 42 U.S.C. § 1985(1), invasion of privacy, outrageous conduct, libel and slander, negligence, fraud and misrepresentation, interference with prospective business advantage, interference with contractual relations, breach of contract and punitive damages. These allegations span at least a thirteen year period from 1973 to 1986.

Many motions have been filed to date, and the dismal prospect pervades and engulfs this nominally civil action. One of the motions pending is defendant Kinevan's motion to dismiss or in the alternative for

summary judgment and motion for a more definite statement for any remaining claims. This motion antedated the amended complaint. Unfortunately, the amended complaint did little to alleviate the problems which gave rise to the motion for a more definite statement.

The 32 page amended complaint fails to specify certain necessary particulars given the claims alleged. Specifically, it does not contain: (1) the dates of many events alleged to give rise to the claims [1]; (2) the military status of each defendant at the time of the particular acts each defendant is alleged to have committed; (3) sufficient indications as to which claims are applicable to which defendant(s); and (4) plaintiff's military status at the time of each act alleged to spawn a claim.

My review of the motions to dismiss or for summary judgment filed by various defendants reveals that the amended complaint's failure to specify these matters has left defendants adrift in framing a responsive pleading to many claims in the complaint. For example, the government has been forced merely to note that many of the claims *may be* barred by statutes of limitations. *See, e.g., Arko v. United States Air Force Reserve Officer Training Program, et al.,* 661 F.Supp. 31 (D.Colo. 1987) (discussing statute of limitations under 28 U.S.C. § 2401 and Colo.Rev.Stat. § 13–80–102). Other claims may be barred by the doctrines of privilege, *see Williams v. Burns,* 463 F.Supp. 1278, 1282–1283 (D.Colo.1979), or immunity, *see, e.g., Porter v. Silva, et al.,* Civil Action No. 85–M–2112, slip op. (D.Colo. February 24, 1987). Unfortunately, neither the government nor I can decipher what doctrines apply to what claims or to which defendants.

On the other hand, the amended complaint is replete with irrelevant and extraneous matter. *See, e.g.,* Amended Complaint, ¶ 9. This problem is not limited to the amended complaint. Many of plaintiff's pleadings are characterized by prolixity and the inclusion of redundant and immaterial allegations. *See, e.g.,* the 58 page affidavit of Michael T. Rose, filed December 11, 1986. I discussed this problem at hearings held in this case on January 29, 1987 and March 4, 1987. The volume of paper which continues effluviate, however, demonstrates that my remonstrances and importunations have had little effect.

Recently, I have undertaken a painstaking analysis of the burdens facing this court. *Zukowski v. Howard,* 115 F.R.D. 53 (D.Colo.1987). The conduct of this case to date only increases the enormity of the task. I simply do not have time to consider Mr. Rose's family background nor his recent bouts with shingles. Such matters are completely unrelated to the allegations raised in the complaint. The redolence of plaintiff's pleadings with impertinent autobiographical allegations prevents me from separating potentially meritorious claims from those which are legally inconsequential. My attempts to do so are further obscured by the cloud of emotion which engulfs this action. Plaintiff's personal emotional involvement in this case is extensive. Consequently, it is difficult to construe pleadings with an acceptable level of clarity.[2] Ironically, therefore, the amended complaint is both verbose and deficient.

The rules of pleading are liberal, but not utterly lacking in discipline. They still require that defendants be provided with fair notice of what each claim is and the ground

---

1. While plaintiff's general discussion in paragraphs 9 through 61 contains many dates, the dates attending the different claims set forth in paragraphs 62 through 99 are often lacking. Because this action spans such a long period of time and involves so many defendants, it is not possible to deduce the dates applicable to each of the eleven claims from the general background allegations of the amended complaint.

2. If plaintiff engaged counsel to represent him in 86–K–1346, as he has done in 87–K–13, this problem would be greatly ameliorated. Plaintiff's *pro se* status in 86–K–1346 has also created other problems. For example, plaintiff has, to date, moved for at least ten extensions of time even though this action is only nine months old. These delays may well be due to plaintiff's location in South Carolina. Adjudication of plaintiff's claims would be expedited by the retention of Colorado counsel.

on which each claim rests. Claims which are so vague and ambiguous that I cannot reasonably require the defendants to pose a responsive pleading will be dismissed under Fed.R.Civ.P. 12(e). *See Hudson v. Wilhelm,* 651 F.Supp. 1062, 1066 (D.Colo.1987). Here, plaintiff's amended complaint does not provide adequate notice to each defendant of the claim or claims to which that particular defendant is being held accountable. In addition, the complaint is deficient in information concerning the dates attending each claim. Thus, even if a particular defendant knows which claim or claims apply to him, the filing of an appropriate responsive pleading is hampered by the absence of vital knowledge of applicable time periods. Moreover, the complaint does not indicate the military status of each defendant during the time period or periods for which that defendant is subject to a claim or claims. The defendants are therefore precluded from properly presenting an immunity defense.

Accordingly, IT IS ORDERED that the motion for a more definite statement is granted. The complaint in 86–K–1346 is dismissed without prejudice. All other pending motions are denied as moot. Plaintiff shall file a new complaint within 60 days of the date of this order. The general allegations of the new complaint shall contain concise, nonrepetitive paragraphs which describe only those events which bear on the matters alleged. These paragraphs shall be organized so as to delineate and separate clearly each event or events which form the basis for the specific claims for relief. The general allegations shall also indicate the dates applicable to each event or events upon which plaintiff relies in framing his specific claims for relief. The specific claims for relief shall each indicate the particular defendants named under that claim, the date or dates applicable to that claim, and the military status of each defendant during the date or dates applicable to that claim.

IT IS FURTHER ORDERED that in drafting the new complaint, plaintiff shall first examine the motions filed by defendants Kinevan; Lee, Johnson, Greenwalt, and Garber; and Pillari. Plaintiff's new complaint shall reflect a thoughtful analysis of the arguments raised in those motions and their supportive briefs, as well as a thorough consideration of the cases cited in this memorandum opinion and order. Claims which are time-barred or precluded by the immunity doctrine or any other doctrine shall not be re-alleged.

IT IS FURTHER ORDERED that the court will review plaintiff's new complaint for compliance with the terms of this opinion and order. Those portions of the new complaint which fail to comply with those terms will be stricken with prejudice under Fed.R.Civ.P. 12(e) and 12(f). In addition, failure to comply with the terms of this opinion and order may result in the imposition of sanctions under Fed.R.Civ.P. 11.