**Kristi MONTAGRIFF, Plaintiff,**

v.

**ADAMS COUNTY SCHOOL DISTRICT 14, Defendant.**

No. 89–C–1224.

United States District Court, D. Colorado.

Oct. 26, 1989.

Martha Houser, Aurora, Colo., for plaintiff.

Kathleen Lanterman, Denver, Colo., for defendant.

ORDER

CARRIGAN, District Judge.

Plaintiff claims that her constitutional rights were violated when her teaching contract with the defendant Adams County School District was not renewed for the 1989–1990 school year. Defendant has filed a motion for more definite statement under Rule 12(e), Fed.R.Civ.P. Plaintiff has responded by opposing the motion and also requests that she be awarded sanctions under Rule 11, Fed.R.Civ.P., for having to defend the motion.

The parties have fully briefed the issues and oral argument would not materially assist my decision. Jurisdiction is based on 28 U.S.C. § 1331 and 1343.

Pursuant to Rule 12(e), before responding to the complaint, a party may move for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading...." Rule 12(e) further provides that the motion must point out the defects complained of and the details desired.

According to 2A Moore's *Federal Practice* para. 12.18, Rule 12(e) is "designed to

strike at unintelligibility rather than want of detail." As long as the pleading fairly apprises the opposing party of the nature of the claim, the motion for more definite statement should not be granted.

Plaintiff alleges in her complaint that she was employed by the defendant as a physical education teacher in September 1986. She allegedly received positive evaluations during the 1986–87 and 1987–88 school years. During the 1988–89 school year, the daughter of a school board member was one of the plaintiff's students. Near the end of the second quarter, the plaintiff informed the student that she would fail the class. The school board member complained and as a result, the plaintiff discussed the matter with the school principal. Plaintiff was instructed by the principal to devise a set of criteria that would enable the student to pass the course. However, the student failed to satisfactorily complete the assignment.

According to the complaint, the principal directed the plaintiff to assign to the student a "C" grade. Plaintiff complied with the directive against her professional judgment. In March 1989, the plaintiff received a negative evaluation from the principal. Plaintiff was advised in May 1989 that her teaching contract would not be renewed. The gist of the plaintiff's two claims, predicated on 42 U.S.C. § 1983, is that the defendant's negative evaluation and contract nonrenewal were retaliation for the plaintiff's exercise of her rights to freedom of speech, expression, and association as guaranteed by the First and Fourteenth Amendments.

In its motion for more defininte statement, the defendant contends that the complaint does not provide notice of the alleged protected speech that forms the basis of the plaintiff's action. Similar arguments are made with respect to the plaintiff's claims that her rights to freedom of association and expression were violated.

In opposing the motion, the plaintiff relies on *Parate v. Isibor,* 868 F.2d 821 (6th Cir.1989) in which a nontenured university professor had been ordered by the dean to change a student's grade. The Sixth Circuit in *Parate* stated that "[b]ecause the assignment of a letter grade is symbolic communication intended to send a specific message to the student, the individual professor's communicative act is entitled to some measure of First Amendment protection."

In the instant case, I conclude that the complaint's allegations are not unintelligible, and that they fairly apprise the defendant of the nature of the constitutional claims asserted as required by federal pleading standards. In so ruling, I take no position on whether the allegations are sufficient as a matter of law. I do not conclude, however, that the defendant's motion is frivolous.

Defendant's motion for more definite statement is denied. Plaintiff's motion for Rule 11 sanctions is denied.

Accordingly, it is ORDERED that:

(1) Defendant's motion for more definite statement is denied; and

(2) Plaintiff's request for sanctions under Rule 11, Fed.R.Civ.P., is denied.