The FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Silverado Banking, Savings and Loan Association, Plaintiff,

v.

Michael R. WISE, Robert M. Lewis, Richard Vandapool, W. James Metz, Florian F. Barth, Richard J. Bunchman, Neil M. Bush, Dianne E. Ingels, Marjorie E. Page, Richard F. Vitkus, Russell M. Murray, the law firm of Sherman & Howard, a Colorado general partnership engaged in the practice of law, and Ronald H. Jacobs, Defendants.

Civ. A. No. 90–F–1688.

United States District Court,
D. Colorado.

Jan. 28, 1991.

John Joseph Mullins, Jr., Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., Anthony S. Burt, F. Thomas Hecht, James D. Ossyra, John L. Rogers, III, Hopkins & Sutter, Chicago, Ill., James Lauer, Thomas Hindes, F.D.I.C., Washington, D.C., for plaintiff.

Robert E. Kendig, Garfield & Hecht, P.C., Aspen, Colo., for Michael R. Wise.

Jeffrey S. Pagliuca, Holland, Seelen & Pagliuca, Denver, Colo., for Robert M. Lewis.

A. Craig Fleishman, Gelt, Fleishman & Sterling, P.C., Denver, Colo., for Richard Vandapool.

Bruce G. McLellan, B.G. McLellan, P.C., Lakewood, Colo., for W. James Metz.

Jeffrey A. Chase, Kevin M. Shea, Holme, Roberts & Owen, Denver, Colo., for Florian F. Barth.

Roger P. Thomasch, Ballard, Spahr, Andrews & Ingersoll, Denver, Colo., Barry D. Hovis, Carol J. Marshall, Linda G. Lipscomb, Adams, Sadler & Hovis, San Francisco, Cal., for Richard J. Bunchman, Marjorie E. Page and Richard F. Vitkus.

William J. Leone, James E. Nesland, Leslie Jane Kramer, Ireland, Stapleton, Pryor & Pascoe, P.C., Denver, Colo., for Neil M. Bush.

John Hamil, Richard C. Morris, Hamil Professional Corp., Denver, Colo., for Dianne E. Ingels.

Russell M. Murray, Englewood, Colo., pro se.

James W. Hubbell, Edwin S. Kahn, Kelly/Haglund/Garnsey & Kahn, Christopher Lane, Sherman & Howard, Denver, Colo., Robert D. McLean, Richard D. Bernstein, Michael D. Warden, Sidley & Austin, Washington, D.C., for Sherman & Howard and Ronald H. Jacobs.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the court on motions to dismiss, motions to strike, and motions for a more definite statement. Defendant Florian Barth ("Barth") filed a motion to dismiss or for a more definite statement on November 5, 1990, in which defendant Neil Bush ("Bush") joined on November 30, 1990. Defendants Sherman & Howard and Ronald Jacobs (collectively "S & H") filed a motion to dismiss or strike portions of the complaint on November 5, 1990. Defendants Richard Bunchman ("Bunchman") and Richard Vitkus ("Vitkus") joined in the motion on November 13, 1990. Defendant Robert Lewis ("Lewis") joined in the motion on November 26, 1990. Defendant Bush joined in the motion on November 30, 1990. Defendant Michael Wise ("Wise") filed a motion to strike or for a more definite statement on November 28, 1990. Jurisdiction is based upon 28 U.S.C.A. § 1345 (West 1976).[1] For the rea-

---

1. 28 U.S.C.A. § 1345 provides, "[e]xcept as oth-

erwise provided by Act of Congress, the district

sons stated below, defendant Barth's motion to dismiss or for a more definite statement is DENIED. Defendants Sherman & Howard's and Jacobs' motion to dismiss or strike portions of the complaint is DENIED. Defendant Wise's motion for more definite statement is DENIED. Wise's motion to strike is GRANTED IN PART.

## I.

Plaintiff Federal Deposit Insurance Corporation ("the FDIC") filed this action against certain of the former officers and directors, and the general outside counsel of Silverado Banking, Savings and Loan Association ("Silverado") on September 21, 1990.[2] As a result of such alleged misconduct, Silverado purportedly suffered damages of over $200 million. Plaintiff has offered seven claims for relief for (i) breach of fiduciary duties by the directors and officers, (ii) gross negligence by the directors and officers in the performance of their duties, (iii) unjust enrichment by the directors and officers, (iv) excessive compensation against certain directors and officers, (v) breach of fiduciary duties against S & H, (vi) professional negligence against S & H, and (vii) aiding and abetting the directors and officers in breaching their fiduciary duties against S & H.[3]

## II.

### A.

Defendants Barth and Bush contend that plaintiff's complaint lacks factual allegations establishing a claim for relief against them. Under the Federal Rules of Civil Procedure, the plaintiff is required to offer a short and plain statement of the claim against the defendants to ensure that they enjoy fair notice of what the claim against them is and the grounds upon which it rests. Fed.R.Civ.P. 8;[4] *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). This form of "notice pleading" is effective due to the liberal opportunities for discovery and other pretrial procedures under the Federal Rules. *Conley*, 355 U.S. at 47–48, 78 S.Ct. at 102–03.

A court should not dismiss a cause of action for failure to state a claim under Fed.R.Civ.P. 12(b)(6) unless the court determines that beyond doubt, plaintiff can prove no set of facts that would entitle it to relief. *Tri–Crown, Inc. v. American Fed. Sav. & Loan Ass'n*, 908 F.2d 578, 582 (10th Cir.1990); *Strizich v. Mountain States Tel. and Tel. Co.*, No. 90–1660, slip op. at 1 (D.Colo. Oct. 24, 1990). The court must accept all factual allegations as true and must draw all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1148 (10th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 76, 107 L.Ed.2d 43 (1989). All pleadings of the plaintiff must be liberally construed. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). So long as the plaintiff offers evidence in support of a legally recognized claim for relief, a motion to dismiss must be denied. *Hiatt v. Schreiber*, 599 F.Supp. 1142, 1145 (D.Colo.1984).

The FDIC has tendered a sixty-one page complaint. In this complaint, plaintiff has detailed a series of factual allegations dem-

courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C.A. § 1345 (West 1976).

2. All factual recitations in this order have been alleged in either plaintiff's complaint, defendants' motions, plaintiff's responses to defendants' motions, or defendants' replies to plaintiff's responses to defendants' motions.

3. The complaint avers that defendants Wise, Lewis, Vandapool, Murray, Metz, Barth, Page, Vitkus, Bunchman, Bush, and Ingels were mem-bers of Silverado's Board of Directors. Defendant Sherman & Howard served as counsel to Silverado. Defendant Jacobs was the partner primarily responsible for the firm's representation of Silverado and its subsidiaries. Jacobs was also a member of the Board of Directors of Silverado's holding company, Silverado Financial Corporation. Plaintiff's Complaint at ¶¶ 7–18.

4. Fed.R.Civ.P. 8(a)(2) provides, "[a] pleading which sets forth a claim for relief ... shall include a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

onstrating that Barth and Bush may have breached their fiduciary duties. The complaint states that the directors caused or allowed Silverado to (i) loan large sums of money to certain favored borrowers contrary to prudent lending practices, (ii) loan large sums of money to certain favored borrowers contrary to Silverado's lending and underwriting policies, (iii) loan large sums of money to certain favored borrowers contrary to federal regulations, (iv) make large sums of money available to favored projects contrary to prudent lending practices, (v) make large sums of money available to favored projects contrary to Silverado's lending and underwriting policy, (vi) make large sums of money available to favored projects contrary to federal regulations, (vii) commit excessive resources to high risk real estate acquisition, development and construction loans, and investments, despite repeated warnings from federal and state regulators to curtail such activity, (viii) purchase loans from other parties without full and adequate investigation prior to disbursement of funds, (ix) enter into transactions with affiliated and controlling persons which violated prudent lending and investment practices, (x) enter into transactions with affiliated and controlling persons contrary to Silverado's lending and underwriting policies, (xi) enter into transactions with affiliated and controlling persons contrary to federal regulations, and (xii) enter into transactions for the personal financial benefit of certain director and officer defendants or their business colleagues at the expense of Silverado's interest. Plaintiff's Complaint at ¶ 27. The complaint also asserts that defendants failed to enforce internal policies and procedures that would ensure Silverado's compliance with prudent lending practices and applicable state and federal regulations. Plaintiff's Complaint at ¶ 27.

■ This complaint goes beyond conclusory allegations. Rather, it is replete with well-pleaded facts. *Swanson,* 750 F.2d at 813; *see Starrels v. First Nat'l Bank,* 870 F.2d 1168 (7th Cir.1989). For example, the complaint specifically sets forth Barth's and Bush's involvement. It alleges that these defendants, as outside directors, (i) failed to properly monitor the affairs of Silverado, (ii) failed to inform themselves of the financial condition of Silverado and the conduct of senior management, (iii) deferred excessively to Silverado's management, allowing senior management unbridled discretion to conduct Silverado's operation, (iv) approved certain transactions that were grossly imprudent, contrary to federal law, and in violation of Silverado's own lending and underwriting guidelines, (v) approved certain transactions which were designed to personally benefit certain officers or directors or their business associates at the expense of Silverado, (vi) failed to establish controls to assure themselves that the institution was being operated in a safe and sound manner and in compliance with laws and regulations, and (vii) failed to institute remedial action to correct unsafe and unsound practices at Silverado, after receiving numerous criticisms of such practices from federal and state regulators. Plaintiff's Complaint at ¶ 28.

The FDIC further avers that Barth and Bush (i) had been consistently warned by regulators that Silverado was involved in dangerous and risky practices, (ii) ignored Silverado's formally adopted lending policies, (iii) approved the Gun Club/Broomfield 400 transaction without properly informing themselves, despite negative information regarding the transaction, and knowing that fellow board members had a conflict of interest, (iv) approved a loan to William Pauls regardless of the fact that it failed to comply with prudent underwriting standards, (v) approved loans to the Aurora Business Center, Colorado Investment Partners, and E. Trines Starnes despite the fact that the loans violated Silverado's internal lending policies, (vi) approved loans to Starnes that violated federal loans to one borrower regulations, (vii) approved a loan to SDC Land Partner, Inc., despite knowledge of the depressed real estate market in Texas, that the loan could not be repaid in the four-year term, that the loan was non-recourse, and that the loan violated Silverado's internal lending policies, and (viii) as members

of Silverado's compensation committee, permitted excessive compensation to be paid to Silverado's senior officers. Plaintiff's Complaint at ¶¶ 12, 16, 21, 22, 23, 36, 41, 51, 54, 57, 64, 69, 71, 73, 75, 78, 80, 84, 86, 101, 102, and 105. In addition, the complaint specifically alleges that Bush, while a principal in JNB Exploration Company, failed to disclose this relationship when he approved significant transactions between other JNB principals and Silverado. Plaintiff's Complaint at ¶ 29.

Upon review and analysis of these allegations, the complaint can survive a motion to dismiss. Considering that the facts supporting a party's claim need not be set forth in detail, the FDIC's complaint offers defendants ·more than adequate notice of what is being alleged. *Hiatt*, 599 F.Supp. at 1145; *see also infra* section IV. As all facts asserted by the FDIC must be considered true, *Tri–Crown*, 908 F.2d at 582, we cannot say that beyond a doubt, plaintiff can prove no set of facts that would entitle it to the requested remedies. *Id.* Accordingly, defendants' motion to dismiss is hereby DENIED.

### B.

█ Defendants also move for a more definite statement under Fed.R.Civ.P. 12(e).[5] A motion for a more definite statement should only be granted if the complaint is so vague or ambiguous that defendants cannot reasonably be required to frame an answer. *Colorado Springs Cablevision, Inc. v. Lively*, 579 F.Supp. 252, 255 (D.Colo.1984). 12(e) motions are discouraged unless the complaint is so unintelligible that defendants cannot understand the allegations and are unable to respond. *Montagriff v. Adams County School Dist.*, 128 F.R.D. 117, 118 (D.Colo.1989); *Runyan v. United Bhd. of Carpenters*, 566 F.Supp. 600, 608 (D.Colo.1983).

█ As section II A indicates, the court is persuaded that the complaint adequately informs the parties as to plaintiff's claims.

The complaint is not so vague, ambiguous, or conclusory as to entitle defendants to a more definite statement. *Jones v. Metropolitan Denver Sewage Disposal Dist. No. 1*, 537 F.Supp. 966, 969 (D.Colo.1982); *see also Rose v. Kinevan*, 115 F.R.D. 250 (D.Colo.1987). Accordingly, defendants' motion for a more definite statement is hereby DENIED.

### III.

### A.

█ Defendants Sherman & Howard, Jacobs, Bunchman, Vitkus, Lewis, and Bush move to dismiss or strike portions of counts five and six. These counts assert breach of fiduciary duties and professional negligence or legal malpractice against S & H and Jacobs.

Within counts five and six, the FDIC avers that counsel did not adequately advise on, inquire into, or investigate relevant matters on behalf of Silverado. Plaintiff's Complaint at ¶¶ 109, 110, 111, 140, 146, 149, 150, 155. Defendants contend that as a matter of law, they did not have a duty to offer financial advice to or investigate matters on behalf of Silverado.

We have reviewed all authorities regarding advice and investigation cited by the defense and recognize that they have some persuasive value. However, we are not persuaded that they lend support to the proposition that the action should be dismissed at this juncture. For example, *Dyer v. Shafer, Gilliland, Davis, McCollum & Ashley, Inc.*, 779 S.W.2d 474 (Tex. Civ.App.1989), held that an attorney does not have a duty to modify the terms of an agreement entered into by the client. *Id.* at 478. However, the court never stated that an attorney has no duty to advise the client on certain matters.

Defendants also rely upon *Johnson v. Jones*, 103 Idaho 702, 652 P.2d 650 (1982). *Johnson* held that an attorney need only advise the client on matters for which he or

---

5. Fed.R.Civ.P. 12(e) provides, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed.R.Civ.P. 12(e).

she has been retained. *Id.* 652 P.2d at 652. While this holding may be persuasive, the court in *Avianca, Inc. v. Corriea,* 705 F.Supp. 666 (D.D.C.1989), held that an attorney cannot discount his continuing fiduciary obligation to the client simply because he was not specifically or expressly retained as legal counsel in connection with a particular transaction. *Id.* at 680. Plaintiff claims that defendants were hired to counsel Silverado on each and every matter discussed in the complaint. Hence, under either ruling, S & H may have had a duty to advise Silverado on different aspects of these affairs.

A noteworthy case is *In re Consupak, Inc.,* 87 B.R. 529 (Bankr.N.D.Ill.1988). The *Consupak* court held that an attorney should offer legal advice when (i) the client is unaware of potentially adverse legal consequences of a proposed course of action, and (ii) offering advice would be in the client's best interest. *Id.* at 551; *see also Quintel Corp. v. Citibank,* 606 F.Supp. 898, 911–12 (S.D.N.Y.1985); *Johnson v. Miller,* 596 F.Supp. 768, 773 (D.Colo.1984). Thus, an argument can be made that a responsible attorney should not act as a passive observer, silently sitting by in the face of a client's legally unacceptable decision. *Consupak,* 87 B.R. at 551. Hence, at this juncture, defendants have failed to establish that it is beyond doubt that they did not have a duty to offer certain advice to Silverado. *Tri–Crown,* 908 F.2d at 582; *see Vanguard Prod., Inc. v. Martin,* 894 F.2d 375, 378 (10th Cir.1990).

Defendants also maintain that they did not have a duty to investigate on behalf of their client. They cite a series of relevant opinions. However, we cannot find that categorically, S & H had no obligation to investigate certain matters.

In *Milliner v. Elmer Fox and Co.,* 529 P.2d 806 (Utah 1974), the court ruled that lawyers are not required to investigate matters *unless* the facts and circumstances of the particular legal problem would call for investigation. *Id.* at 808. The court in *Quintel* also implied that some form of investigation may be necessitated in certain circumstances. *Quintel,* 606 F.Supp. at 911. This court has indicated that investigation may be appropriate in some cases. *FDIC v. Clark,* No. 88–F–647, slip op. at 10 (D.Colo. June 30, 1989); *see also In re W.T. Grant Co.,* 699 F.2d 599, 612–13 (2d Cir.), *cert. denied,* 464 U.S. 822, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983).[6] Therefore, assertions that the FDIC cannot prove any facts to support this claim are without merit. *Tri–Crown,* 908 F.2d at 582.

Finally, defendants specifically move to strike or dismiss the portions of the complaint that address the Heimlich/Farkas Loan, Defendants argue that the loan complied with prior regulatory pronouncements. Plaintiff's Complaint at ¶¶ 45–49, 115–119. However, when entertaining a motion to dismiss, we must accept all factual allegations as true. *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686; *Grider,* 868 F.2d at 1148. Therefore, we must accept as true the FDIC's allegation that the loan was approved with the illicit intent to evade federal regulations. Hence, S & H's motion to dismiss or strike allegations regarding the Heimlich/Farkas loan will not be granted. Accordingly, defendants' motions to dismiss or strike portions of counts five and six are hereby DENIED.

### B.

■ Defendants also move to dismiss count seven of the complaint for failing to comply with Fed.R.Civ.P. 9(b).[7] While complaints alleging fraud or misrepresentation must allege facts underlying the claim with particularity, *Sullivan v. Boettcher & Co.,*

---

6. Defendants have cited *Sec. & Exch. Comm'n v. Haswell,* 1979–1980 Fed.Sec.L.Rep. (CCH) ¶ 97,156 (W.D.Okla.1977), which was subsequently affirmed by the Tenth Circuit at 654 F.2d 698 (10th Cir.1981). The court did not rule that an attorney has no duty to investigate. Rather, the court merely indicated that the SEC did not believe that proving the alleged violation

was dependent upon illustrating such a duty exists. Hence, this opinion is not persuasive.

7. Fed.R.Civ.P. 9(b) provides, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed.R.Civ.P. 9(b).

714 F.Supp. 1132, 1138 (D.Colo.1989); *Creech v. Federal Land Bank*, 647 F.Supp. 1097, 1100 (D.Colo.1986), the complaint filed by the FDIC never asserted any claim for fraud or mistake. Count seven clearly asserts claims for aiding and abetting breaches of fiduciary duties. As such claims are not subject to the requirements of Fed.R.Civ.P. 9(b), *Rosales v. AT & T Information Sys., Inc.*, 702 F.Supp. 1489, 1498 (D.Colo.1988); *Johnson*, 596 F.Supp. at 774, defendants' motion for failure to satisfy Fed.R.Civ.P. 9(b) is without merit.

■■■ Defendants further claim that the FDIC has not adequately alleged any knowledge of wrongdoing. Fed.R.Civ.P. 9(b) states that knowledge may be averred generally. In fact, such knowledge can be inferred from circumstantial evidence. *Fry v. Trump*, 681 F.Supp. 252, 256–57 (D.N.J.1988); *see also Zabriskie v. Lewis*, 507 F.2d 546, 554 (10th Cir.1974). At various points in the complaint, the FDIC indicates that defendants had knowledge of breaches of fiduciary duties by members of Silverado's Board of Directors, including knowledge that (i) the Gun Club/Broomfield 400 transaction was a mechanism to divert funds to Wise and Metz, (ii) E. Trine Starnes was involved in the Tree Partners loan, (iii) Bill Walters was a fifty percent partner in the Heimlich/Farkas partnership, and (iv) the Aurora Galleria transaction with Bill Walters violated federal regulations. Plaintiff's Complaint at ¶¶ 32–44, 54–69, 117–118, 120–123, 129–134, 139–140. As general averments of knowledge have been made, these allegations satisfy the aforementioned standard. Accordingly, defendants' motion to dismiss count seven is hereby DENIED.

### IV.

Defendant Wise has filed a motion to strike[8] or for a more definite statement. For the reasons discussed in section II B, the motion for a more definite statement is DENIED. With regard to the motion to strike, Wise has singled out ¶¶ 31, 34, 70 and 89. Paragraph 31 states,

"[t]he following paragraphs provide illustrative but not exhaustive, examples of the D & O [directors and officers] Defendants' breaches of fiduciary duties. They serve only as examples. The FDIC expressly reserves the right to prove all of the unsafe, unsound and improper practices in which the D & O Defendants engaged."

Paragraph 34 indicates that "[t]he following paragraphs describe several illustrative Walters' transactions." Paragraph 70 provides, in pertinent part, that "[t]he following paragraphs are illustrative examples." Finally, ¶ 89 incorporates the aforementioned portions of the complaint.

■■■ While motions to strike may not be favored, *United States v. Shell Oil Co.*, 605 F.Supp. 1064, 1085 (D.Colo.1985), they should be granted when a defendant cannot reasonably be expected to frame a responsive pleading or to defend against those portions of the complaint. *Leenen v. Ruttgers Ocean Beach Lodge, Ltd.*, 662 F.Supp. 240, 242 (S.D.Fla.1987); *see also Miller v. Calvin*, 647 F.Supp. 199, 204 n. 1 (D.Colo. 1985); *Alexander v. Consolidated Freightways, Co.*, 421 F.Supp. 450, 452 (D.Colo. 1976). Offending portions of the complaint must be stricken if defendants would suffer undue prejudice otherwise. *Rawson v. Sears Roebuck and Co.*, 585 F.Supp. 1393, 1397 (D.Colo.1984).

■■■ Fed.R.Civ.P. 8(a)(2) requires a short, plain statement in the *complaint*. The FDIC has attempted to reserve the right to offer new transactions in other submissions, such as the scheduling order. This conduct would cause undue prejudice to the defendants as defendants would be unable to frame a responsive pleading or a defense. *See Castro v. Paine, Webber, Jackson & Curtis, Inc.*, 99 F.R.D. 655, 657 (D.P.R.1983). Accordingly, defendant's motion to strike is hereby GRANTED IN PART. Paragraph 31 is stricken in its entirety. Paragraph 89, to the extent that

---

**8.** Fed.R.Civ.P. 12(f) provides, in pertinent part, that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).

it incorporates ¶ 31, is also stricken. Paragraphs 34 and 70 indicate that the examples given are illustrative. Such statements are not reprehensible in and of themselves and therefore will not be stricken. However, to the extent that they may indicate that other transactions may be offered at a later time, the FDIC may not add such transactions without formally amending their complaint pursuant to Fed.R.Civ.P. 15.[9]

## V.

ACCORDINGLY, IT IS ORDERED:

1) Defendant Barth's motion to dismiss or for a more definite statement, in which defendant Bush joined, is hereby DENIED.

2) Defendants Sherman & Howard's and Jacobs' motion to dismiss or strike portions of the complaint, in which defendants Bunchman, Vitkus, Lewis, and Bush joined, is hereby DENIED.

3) Defendant Wise's motion for more definite statement is hereby DENIED. Defendant Wise's motion to strike is hereby GRANTED IN PART. Paragraph 31 is stricken in its entirety. Paragraph 89, to the extent that it incorporates ¶ 31, is stricken.